**Margie HARDT, Individually and as Administratrix of the Estate of Charles Hardt, Deceased, et al., Appellants,**

v.

**TEXAS DEPARTMENT OF CORRECTIONS, Appellee.**

**No. 12331.**

Court of Civil Appeals of Texas, Austin.

Nov. 19, 1975.

William F. Seerden, Kilgore, Cole, Seerden & McManus, Victoria, for appellants.

John L. Hill, Atty. Gen., Jack Sparks, Asst. Atty. Gen., Austin, for appellee.

PHILLIPS, Chief Justice.

Appellant brought this suit in Travis County under the provisions of the Texas

Tort Claims Act (Tex.Rev.Civ.Stat.Ann. art. 6252–19) for the death of her husband who was killed in a construction accident in Walker County while in the custody of the Texas Department of Corrections. No motion was made to transfer this case from Travis County to Walker County. The trial court sustained the State's plea in abatement to the effect that suit must be brought in the county where the injury occurred, and dismissed the suit for want of jurisdiction. We affirm this judgment.

■ Section 5 of the Texas Tort Claims Act (Tex.Rev.Civ.Stat.Ann. art 6252–19) provides that "All cases arising under the provisions of this Act shall be instituted in the county in which the cause of action or a part thereof arises."

Appellant contends that this provision relates to venue only and is not jurisdictional. In support of this position, she cites *Aviation Credit Corporation v. University Aerial Service Corporation*, 59 S.W.2d 870 (Tex. Civ.App.1933, writ dism'd by agr.). We do not agree. The universal rule of long standing is that since the State may withhold entirely its consent to be sued, it may impose such conditions and limitations thereon as it may deem desirable and that it cannot be sued other than in the courts and places in which it has consented that suit may be maintained against it. *State v. Isbell*, 127 Tex. 399, 94 S.W.2d 423 (1936, opinion adopted); *Martin v. State*, 75 S.W.2d 950 (Tex.Civ.App.1934, no writ); *Gulf Land Co. v. Atlantic Refining Co.*, 134 Tex. 59, 131 S.W.2d 73 (1939); *Trapp v. Shell Oil Co.*, 145 Tex. 323, 198 S.W.2d 424 (1946).

■ We hold that the trial court was correct in sustaining appellee's plea in abatement and in dismissing the suit for want of jurisdiction because the suit was filed in a county not authorized by the Texas Tort Claims Act.

Affirmed.