Terry BISHOP, Appellant,

v.

STATE of Texas et al., Appellees.

No. 6843.

Court of Civil Appeals of Texas, El Paso.

Feb. 7, 1979.

Shafer, Gilliland, Davis, Bunton & McCollum, Inc., Lucius Bunton, Odessa, for appellant.

Mark White, Atty. Gen. of Tex., John W. Fainter, Jr., First Asst. Atty. Gen., Ted L. Hartley, Executive Asst. Atty. Gen., Douglas B. Owen, Jack Sparks, Asst. Attys. Gen., Austin, for appellees.

## OPINION ON MOTION

### PER CURIAM.

This is a personal injury case brought against a State university and the State of Texas. The trial Court granted the Appellees' motion to dismiss on the basis that the cause was barred by the statute of limitations. Appellees move for dismissal in this Court which we grant for want of jurisdiction of the trial Court.

The Appellant was a student at Pan American University when he was allegedly injured at a school function. There is no dispute that the incident occurred in Hidalgo County on October 31, 1974. This case was filed in Presidio County on July 12, 1977. The Appellee filed a plea to the jurisdiction and a motion to dismiss the case, asserting among other defenses the statute of limitations and that the Court was without jurisdiction because of Section 5 of the Texas Tort Claims Act. (Article 6252–19, Tex.Rev.Civ.Stat.Ann.) The trial Court granted the motion to dismiss, finding the cause barred by Tex.Rev.Civ.Stat. Ann. Art. 5526, the two-year statute of limitations.

The State of Texas has governmental immunity except as waived under the Texas Tort Claims Act. Section 5 of the Act provides:

All cases arising under the provisions of this Act shall be instituted in the county in which the cause of action or a part thereof arises.

It has been previously held that this provision is jurisdictional. *Hardt v. Texas Department of Corrections*, 530 S.W.2d 897 (Tex.Civ.App.—Austin 1975, no writ). In *Hardt*, the contention that Section 5 related to venue only and was not jurisdictional was rejected. Id. at 898. Since a State may withhold entirely its consent to be sued, when it does waive liability it can impose conditions that it only be sued in certain courts and places. *State v. Isbell*, 127 Tex. 399, 94 S.W.2d 423 (1936). Under Section 5, the Appellee could only be sued in Hidalgo County, where the cause of action arose. Because this case was filed in Presidio County, the dismissal by the trial Court was correct.