John F. MIFSUD

v.

PALISADES GEOPHYSICAL INSTITUTE, INC., and The University of Texas Medical Branch at Galveston.

Civ. A. No. H–78–2216.

United States District Court,
S. D. Texas,
Houston Division.

Feb. 8, 1980.

---

Tom Kirtley, Houston, Tex., for plaintiff.

Walter D. Davis, Asst. Atty. Gen., Austin, Tex., G. Byron Sims, Brown, Sims & Ayre, Houston, Tex., for defendants.

### MEMORANDUM AND ORDER

CIRE, District Judge.

This is a general maritime and Jones Act suit brought by Plaintiff John F. Mifsud against Defendants Palisades Geophysical Institute, Inc., and the University of Texas Medical Branch at Galveston (U.T.). Plaintiff Mifsud claims that he is an American seaman who was hired by one or both of the Defendants as an assistant engineer on February 1, 1977, to embark on a geophysical data gathering voyage in the Caribbean sea aboard Defendants' vessel, the *Ida Green*. Mifsud alleges that as a result of Defendants' negligence and/or the unseaworthiness of the *Ida Green*, he suffered injuries for which he seeks his damages.

Defendant U.T. previously moved to dismiss this action on the grounds that as an arm of the State of Texas it is entitled to Eleventh Amendment immunity from suit in general maritime and Jones Act causes of action. U.T. also moved for a protective order from discovery on the same grounds. This Court denied both motions and held that if discovery reveals that Plaintiff was an employee of the State of Texas, then he is precluded from suing U.T. in this case, see *Lyons v. Texas & A & M University*, 545 S.W.2d 56 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n. r. e.); but if discovery reveals that Plaintiff was a third-party non-employee of U.T., then he is entitled to sue said Defendant.

Defendant U.T. now moves the Court to reconsider Defendants' Motion to Dismiss. U.T. reasserts that the State has not consented to be sued in federal court for Jones Act and general maritime causes of action. For the reasons set out below, and subject to the Court's correction of its previous order, the Court is of the opinion that such Motion to Reconsider should be denied.

The Eleventh Amendment's bar of suits against the State without its consent applies in admiralty actions. *Ex Parte State of New York*, 256 U.S. 490, 41 S.Ct. 588, 65 L.Ed. 1057 (1921). The Supreme Court of Texas has held that a State University shares this immunity with the State and that its consent to be sued or waiver of immunity is a matter for the State Legislature. *Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.1976). The federal courts must, therefore, look to State law to determine if that consent to be sued. has been given by the State. 1 Moore's Federal Practice ¶ .60[2.–2] (2d ed. 1976). The State of Texas has given its consent to be sued in tort under the Texas Tort Claims Act, Tex. Rev.Civ.Stat.Ann. art. 6252–19 (1970).

Nevertheless, Defendant U.T. contends that Mifsud cannot invoke the jurisdiction of the federal courts because Section 5 of the Texas Tort Claims Act evidences a clear intent that all suits under the Act be brought only in State Court.

Section 5 of the Act, Tex.Rev.Civ.Stat. Ann. art. 6252–19, § 5 (1970), provides: "All cases arising under the provisions of this Act shall be instituted in the county in which the cause of action or a part thereof arises."

U.T. points out that two Texas appellate courts have held this "venue" statute to be jurisdictional and not merely a matter of venue. *Hardt v. Texas Department of Corrections*, 530 S.W.2d 897 (Tex. Civ.App.—Austin 1975, no writ); *Bishop v. State*, 577 S.W.2d 377 (Tex.Civ.App.—El Paso 1979, no writ). However, these courts were not dealing with the question of whether the "venue" statute precludes federal jurisdiction in Texas Tort Claims Act lawsuits. On the contrary, federal courts have held that this "venue" statute does not defeat federal jurisdiction over lawsuits brought under the Act. *Flores v. Norton & Ramsey Lines*, 352 F.Supp. 150 (W.D.Tex. 1972); *Lester v. County of Terry, Texas*, 353 F.Supp. 170 (N.D.Tex.1973).

U.T. also argues that because Section 7 of the Act provides that the Texas Rules of Civil Procedure govern all actions brought under this Act, the legislature intended the State Court to be the only fo-

rum. This argument is also without merits. Section 7 provides that "[t]he laws and statutes of the State of Texas and the Rules of Civil Procedure . . . *insofar as applicable* . . . shall apply to . . . this Act." (emphasis added). Tex.Rev.Civ. Stat.Ann. art. 6252–19, § 7 (1970). In federal court the Texas Rules of Civil Procedure are inapplicable and this language in the Act can be construed as recognition of that fact by the Texas Legislature. *Flores, supra.*

U.T.'s assertion that it is immune from suit in general maritime causes of action is correct to the extent that the action is one for unseaworthiness as opposed to negligence. Unseaworthiness does not depend on negligence, fault or blame; it is liability without fault, *Little v. Green,* 428 F.2d 1061 (5th Cir. 1970). The Texas Tort Claims Act encompasses only negligence actions (§ 3, *infra*). Therefore, general maritime actions for unseaworthiness lie outside the scope of liability for which the State has consented to be sued under the Act. It is also clear that the State has not consented to Jones Act suits because the State has made the University of Texas workmen's compensation statute, Tex.Rev. Civ.Stat.Ann. art. 8309d (1970), the exclusive remedy against U.T. for its employees. *Lyons, supra.*

However, to the extent that the general maritime action is one for negligence, the State has consented to be sued.

Section 3 of the Act, Tex.Rev.Civ.Stat. Ann. art. 6252–19 § 3 (1970) provides:

"Each unit of government . . . shall be liable . . . for personal injuries . . . proximately caused by the negligence . . . of any . . . employee acting within the scope of his employment . . . arising from the operation or use of a motor-driven vehicle and motor-driven equipment . . . under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state."

Section 4 of the Act waives Government immunity to the extent of the "liability created by Section 3," and grants permission to all claimants to sue the State of Texas for "all claims arising" under the Act. U.T. argues that the Act must be strictly construed and that because there is no specific reference in the Act to maritime torts there is no consent by the State of Texas. But Section 13 of the Act explicitly requires that the Act be liberally construed, Tex.Rev.Civ.Stat.Ann. art. 6252–19 § 13 (1970). Any ambiguity in the Act must be construed in favor of the claimant. *Flores, supra.* The Court in liberally construing Section 3 of the Act and having found no language in the Act to the contrary holds that the liability created therein encompasses general maritime negligence.

The Court having considered Defendant U.T.'s Motion to Reconsider, and being of the opinion that its previous Order should be corrected to reflect that if discovery reveals that Plaintiff was a third party, non-employee of Defendant U.T., then he is entitled to sue said Defendant only in a maritime negligence action and the Court otherwise being of the opinion that such Motion be denied, it is therefore accordingly,

ORDERED, ADJUDGED, and DECREED that this Court's prior Order is corrected and Defendant U.T.'s Motion to Reconsider is, as to all other matters, DENIED.