**James KEIFFER et al.**

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY**

v.

**CORRIGAN–CAMDEN INDEPENDENT SCHOOL DISTRICT.**

Civ. A. No. B–79–107–CA.

United States District Court,
E. D. Texas,
Beaumont Division.

March 25, 1980.

Joe H. Tonahill, Tonahill & Hile, Jasper, Tex., for plaintiff.

Robert Q. Keith, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., for defendant/third-party plaintiff.

Cleve Bachman, Orgain, Bell & Tucker, Beaumont, Tex., for third-party defendant.

## MEMORANDUM OPINION AND ORDER ON REHEARING

JOE J. FISHER, Chief Judge.

The Plaintiffs, several children and their parents, have brought this action against the Defendant, the Southern Pacific Transportation Company, alleging negligence resulting in a collision between the school bus in which several of the plaintiff children were riding and a railroad train operated by the Defendant. Jurisdiction is based on diversity of citizenship, and venue is predicated upon the residence of the Plaintiffs. The Defendant filed a third-party claim for contribution under the Texas Tort Claims Act ("Act") against the Corrigan-Camden Independent School District ("School District") on the ground that the school bus was owned by the School District and, at the time of the collision, was being operated by an employee of the School District acting within the scope of her employment. The motion of the School District to dismiss under Rule 12 of the Federal Rules of Civil Procedure was granted by the Court. On rehearing the Court VACATES its prior order and REINSTATES the third-party claim.

### I

Traditionally, a political entity such as a local school district is immune from liability in tort so long as it acts in its governmental, rather than proprietary, capacity. W. Prosser, *Torts* § 131, at 977–78 (1971). This is the rule adopted by Texas, *Barr v. Bernhard*, 562 S.W.2d 844, 846 (Tex. 1978); see *Lowe v. Texas Tech. Univ.*, 540 S.W.2d 297 (Tex.1976), and, without more, it blankets the School District with a cloak of immunity, *Barr v. Bernhard*, 562 S.W.2d 844, 846 (Tex.1978) ("an independent school district is an agency of the state and, while exercising governmental functions, is not answerable for its negligence in a suit sounding in tort").

Texas, however, has chosen to partially shed this immunity and has done so by enacting the Texas Tort Claims Act. Under the Act, a school district is

liable for money damages for personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle . . . under circumstances where such officer

or employee would be personally liable to the claimant in accordance with the law of this state, . . . Liability hereunder shall be limited to $100,000 per person and $300,000 for any single occurrence for bodily injury or death.

Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 3 (Vernon 1970); see also *id.* § 19A.

## II

At the outset, it is clear that the Texas Tort Claims Act may be used by a third-party plaintiff to implead a third-party defendant for a claim of contribution or indemnity. *Flores v. Norton & Ramsey Lines, Inc.,* 352 F.Supp. 150 (W.D.Tex.1972); *City of Denton v. Mathes,* 528 S.W.2d 625, 632 (Tex.Civ.App.—Ft. Worth 1975, writ ref'd n. r. e.) ("the right of indemnity is available under the [Texas Tort Claims] Act even though [the third-party plaintiff] suffered no personal injuries"). Accordingly, any argument of the School District that the third-party claim for contribution under the Act fails to state a claim upon which relief can be granted, see Fed.R.Civ.P. 12(b)(6), is without merit.

## III

When a political entity acts to waive its immunity from liability in tort, it may do so in full or in part and require "that it cannot be sued other than in the courts and places in which it has consented that suit may be maintained against it." *Hardt v. Texas Dep't of Corrections,* 530 S.W.2d 897 (Tex.Civ.App.—Austin 1975, no writ). One of the limitations Texas has chosen to place upon suits brought under the Act is that they "be instituted in the county in which the cause of action or a part thereof arises." Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 5 (Vernon 1970). Although arguably this provision relates only to venue, and may be waived, the Texas courts have been unanimous in holding that this provision is jurisdictional and that a state district court sitting in a county other than the one in which

a part of the cause of action arose does not have power to hear a case brought under the Act. See *Bishop v. State,* 577 S.W.2d 377 (Tex.Civ.App.—El Paso 1979, no writ); *Hardt v. Texas Dep't of Corrections,* 530 S.W.2d 897 (Tex.Civ.App.—Austin 1975, no writ). This provision, however, has not been construed as a limit placed by Texas on a suit against a Texas political entity in a United States district court. *Lester v. County of Terry,* 353 F.Supp. 170, 171 (N.D. Tex.1973); *Flores v. Norton & Ramsey Lines, Inc.,* 352 F.Supp. 150, 154 (W.D.Tex. 1972). The federal courts have supplied a sensible and fair construction to this provision and have held that an action under the Act may be brought in the federal district and division which encompasses the appropriate county. *Id.;* see Comment, *The Texas Tort Claims Act—Problems in Federal Court,* 29 Sw.L.J. 600 (1975); *cf. Ellis v. Associated Indus. Ins. Corp.,* 24 F.2d 809, 810 (5th Cir. 1928), *cert. denied,* 278 U.S. 649, 49 S.Ct. 92, 73 L.Ed. 561 (1928) (provision in Texas Workmen's Compensation Law requiring that "suit shall be brought in the county where the injury occurred is not infringed by bringing suit in the District Court which includes the county within its territorial jurisdiction").

Unlike the situation reflected in both the *Lester* and *Flores* cases where the court sustained federal subject-matter jurisdiction over a claim against a Texas governmental entity under the Act, the third-party claim against the School District in this action is not brought in the federal district or division embracing the county where the cause of action arose.[1] This Court sits within the Beaumont Division of the Eastern District of Texas. The railroad—school bus collision from which this cause of action arose occurred in Polk County, Texas. Polk County is included within the Southern District of Texas, 28 U.S.C. § 124(b)(2), and obviously is not encompassed by either the Beaumont Division, *id.*

---

1. The Court leaves to one side the question whether the right to contribution is predicated upon an implied in law contract between joint tortfeasors to contribute their apportioned share of the damages so to create a "debt" in the county in which the judgment apportioning liability is entered.

§ 124(c)(2), or the Eastern District of Texas, *id.* § 124(c). Nevertheless, since Texas has consented to suit against a local school district under the Act in federal court, see *Lester v. County of Terry*, 353 F.Supp. 170, 171 (N.D.Tex.1973); *Flores v. Norton & Ramsey Lines, Inc.*, 352 F.Supp. 150, 154 (W.D.Tex.1972), and federal subject-matter jurisdiction has been properly invoked over the action between the Plaintiffs and the Defendant, Southern Pacific Transportation Company, the Court holds that the doctrine of ancillary jurisdiction supports the third-party claim.

 The ancillary jurisdiction of the United States district court supplies federal subject-matter jurisdiction for a third-party claim for contribution by the defendant against a third party when the claim arises, as here, from the same "aggregate or core of facts" as the claim between the plaintiff and the defendant. C. Wright, *Federal Courts* § 76, at 378–79 (1976); see 3 *Moore's Federal Practice* ¶¶ 14.25–.26 (2d ed. 1979). Under this doctrine, so long as the claim between the plaintiff and the defendant is within the jurisdiction of the federal court, it is unnecessary that an independent basis of subject-matter jurisdiction support the third-party claim. Similarly, it is unnecessary that the claim against the third-party defendant satisfy the requirements of a federal venue statute so long as venue is proper in the principal action between the plaintiff and the defendant. *Id.*

### IV

The Court concludes that as Texas has consented to suit in a federal court against the Corrigan-Camden Independent School District for contribution in a third-party claim, this Court may invoke the doctrine of ancillary jurisdiction to supply the necessary jurisdiction and venue.[2] This conclusion is buttressed by section 13 of the Act which provides that "this Act shall be liberally construed to achieve the purposes hereof." Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 13 (Vernon 1970). Thus, any ambiguity in the scope of the waiver of immunity should be construed in the favor of the claimant. *Flores v. Norton & Ramsey Lines, Inc.*, 352 F.Supp. 150, 156 (N.D.Tex. 1972).

SO ORDERED.

---

**2.** The Court leaves for decision until another day the amenability to suit of a Texas local governmental entity under the Texas Tort Claims Act in a nonthird-party claim when venue is laid under 28 U.S.C. § 1391 in a district or division other than the one which embraces the county in which the cause of action arose.