**NISSEN CORPORATION, Appellant,**

v.

**Nina LAYMAN, Appellee.**

**No. 01–82–0743–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 24, 1983.

W.W. Watkins, Daniel O. Goforth, Kyle M. Rowley, Houston, for appellant.

Jack Sparks, Asst. Atty. Gen., Austin, for appellee.

Before WARREN, BASS and BULLOCK, JJ.

OPINION

WARREN, Justice.

This is a venue case. Appellee, a resident of Harris County, was injured while exercising on parallel bars at a gym on the campus of Southwest Texas State University (S.W.T.S.) in Hays County. The bars were owned by S.W.T.S., and were manufactured by appellant and sold by it to S.W.T.S.

Appellee sued S.W.T.S. and appellant in Harris County. S.W.T.S. filed a plea of privilege, a plea to the jurisdiction, and a plea in abatement. Appellant filed a plea of privilege alleging that Art. 6252–19, § 5 V.A.T.S., Texas Tort Claims Act, made venue mandatory in Hays County because the cause of action arose there. Appellant's plea of privilege failed to state the county of its residence as required by Tex.R.Civ. Pro. 86. Appellee specially excepted to this omission, urging that appellant had no standing to file a plea of privilege under the Texas venue statutes.

The trial court overruled appellant's plea of privilege from which appellant appeals, alleging in six points of error that:

(1) appellee failed to meet her burden of proof at the plea of privilege hearing;

(2) the proof failed to show that appellant had no agent, representative or place of business in Texas;

(3) there was no evidence introduced showing that appellant was not a resident or inhabitant of Texas;

(4) the Texas Tort Claims Act mandates venue in Hays County;

(5) there was no evidence that appellant had an agent, representative or principal office in Harris County; and

(6) as a foreign corporation, appellant has standing to assert mandatory venue.

Since we find these contentions without merit, we affirm.

Appellant admits in its answer to interrogatories that it is a foreign corporation, that it has not obtained a permit to do business in Texas, that it has not designated a registered agent for service in Texas, and that it does business in Texas.

 Generally, only inhabitants of Texas may assert venue rights. Tex.Rev. Civ.Stat.Ann. art. 1995. A foreign corporation shall be considered an inhabitant if it maintains a registered office or place of business in Texas, as this term is applied under article 1995. However, a foreign corporation without a registered office or place of business in Texas, has no right to be sued in any particular county unless the venue of the action is controlled by some mandatory provision of the statute. 1 McDonald: *Texas Civil Practice,* § 4.03.2 (1981 rev.)

Appellant's plea of privilege was fatally defective in failing to allege a county of residence in the state, unless venue was mandatory as alleged. *O.F. Mossberg & Sons, Inc. v. Sullivan,* 591 S.W.2d 952 (Tex. Civ.App.—Corpus Christi 1979, no writ); *Portland Sav. & Loan Ass'n. v. Bevill, etc.,* 619 S.W.2d 241 (Tex.Civ.App.—Corpus Christi 1981, no writ).

The Texas Tort Claims Act, art. 6252–19, § 5, relied on by appellant as mandating venue, provides:

All cases arising under the provisions of this Act shall be instituted in the county in which the cause of action or a part thereof arises.

The Texas Tort Claims Act is applicable only to suits against a unit or units of government of the State of Texas. It contains guidelines and limitations for the maintenance of suits against these units of government which enjoyed immunity prior to passage of the Act. There is not the slightest hint in the Act that its provisions should inure to the benefit of any individual or corporation. Section 5 of the Act does not mandate venue for a particular cause of action except when the State is a defendant in a tort action. As such, only the State of Texas may invoke its limitations or protection.

Since venue in this case was not mandatory, it was incumbent on appellant to show in its plea of privilege that it was an inhabitant of Texas under the venue statute and entitled to venue rights. Its failure to do so rendered its plea of privilege fatally defective.

Affirmed.