Arthur D. ASTLEY and Betty J. Astley

v.

**BEKINS VAN LINES CO. and
Earl Herbert.**

Civ. A. Nos. B–86–0733–CA, B–86–1600–CA, B–86–1758–CA and B–86–1761–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 5, 1987.

Lipscomb Norvell, Jr., Gerald Riedmueller, Benckenstein, Norvell, Bernsen and Nathan, Beaumont, Tex., for third party plaintiffs.

Jim Mattox, Atty. Gen. of Texas, Joseph P. Sanders, Asst. Atty. Gen. of Texas, Austin, Tex., for third party defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Plaintiffs[1] filed this suit against Bekins Van Lines Company ("Bekins") and Earl Herbert "to recover damages arising out of a motor vehicle collision which occurred on or about the 16th day of June, 1986."[2] Defendants filed a third party action seeking indemnity and/or contribution against the State of Texas and the Texas Highways and Public Transportation Department[3] claiming "that the condition of the roadway upon which the vehicle driven by Earl Herbert was traveling was in a defective condition, and that such condition was caused by the negligence of third party defendants."[4] In turn, the State of Texas filed a motion to dismiss on the ground that the Eleventh Amendment barred the third party action in federal court.

Having fully considered the supporting briefs of all parties, the court hereby grants the State's motion to dismiss, finding it convincing under the law and facts.

■ Generally, Eleventh Amendment disputes pose one of two questions: (1) whether the state is the real party in interest[5] or (2) whether the state, being the real party in interest, has consented to suit in federal court.[6] Only the second question is at issue here.[7] The specific query is whether the State of Texas has waived its Eleventh Amendment Sovereign Immunity under the Texas Tort Claims Act, TEX. CIV.PRAC.REM.CODE § 101.001, *et seq.* (Vernon 1986).

On three separate occasions, judges in

---

1. Plaintiffs include Arthur and Betty Astley, Donna and Deanna Kinnon, Dena LeFloor, Vicki Kinnon, individually and as independent executrix of the Estate of Bobby R. Kinnon, Ray Kinnon, and Dorothy Kinnon. Plaintiffs' cases were consolidated under this cause number pursuant to court order issued February 2, 1987.

2. Plaintiffs' original complaint, at ¶ 3.

3. Collectively referred to as "The State of Texas."

4. Defendants' third party complaint, at ¶ IV.

5. "It is a cornerstone of Eleventh Amendment jurisprudence that the amendment restricts federal court jurisdiction only in those cases in which the state is the real party in interest.... [T]he cases ... require that the state be 'a real, if not a nominal, defendant.'" *Hander v. San Jacinto Junior College,* 519 F.2d 273, 278 (5th Cir.1975) (citations omitted).

6. *See, Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 99 104 S.Ct. 900, 910, 79 L.Ed.2d 67, 77 (1984); *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662, 678 (1974); *Ford Motor Co. v. Dept. of Treasury,* 323 U.S. 459, 468–470, 65 S.Ct. 347, 352–53, 89 L.Ed. 389, 396–97 (1945); *Missouri v. Fiske,* 290 U.S. 18, 24, 54 S.Ct. 18, 24, 78 L.Ed. 145, 148 (1933); *Clark v. Barnard,* 108 U.S. 436, 447–448, 2 S.Ct. 878, 882–83, 27 L.Ed. 780, 784–85 (1883).

7. Bekins admits that this suit is against the State of Texas:

> Third party plaintiffs agree with the basic legal premise that the Eleventh Amendment provides immunity from suit for the State of Texas. However, the State of Texas adopted the Texas Tort Claims Act which provides a waiver of its immunity from suit.

*Third Party Plaintiffs' Response to Motion to Dismiss of State Department of Highways and Public Transportation,* at 1 (hereinafter "Bekins' Response").

this District have independently [8] concluded that under the Tort Claims Act, the State of Texas has not waived its Eleventh Amendment Sovereign Immunity from private suit in federal court. *Clift by Clift v. Fincannon*, 657 F.Supp. 1535, 1541–1542 (E.D.Tex.1987) (Brown, J.); *Taylor v. Seamans*, 640 F.Supp. 831, 835–836 (E.D.Tex. 1986) (Cobb, J.); *Weaver v. Hirsty*, No. 5513 (E.D.Tex.1972) (Justice, C.J.). For Eleventh Amendment purposes, these decisions are indistinguishable from this case. They dictate the conclusion that the State of Texas has not consented to suit in this court. Therefore, the State of Texas is not subject to the jurisdiction of this court and should be dismissed.

Bekins argues *Keiffer v. Southern Pac. Transp. Co.*, 486 F.Supp. 798 (E.D.Tex. 1980), controls the outcome in the instant case. The court strongly disagrees. The *Keiffer* court never decided any Eleventh Amendment issues, and thus, the decision has no bearing on the constitutional issue decided here today.

In *Keiffer*, the third party defendant, a local school district, did not assert the Eleventh Amendment as a defense, but rather interposed the doctrine of sovereign immunity.[9] For example, the *Keiffer* third party

defendant in *Keiffer* relied solely on state law to defend against the third party claim, and argued:

## II.

The third party defendant, Corrigan–Camden Independent School District, is a local unit of government, and is a part of the sovereign state of Texas. Under the doctrine of sovereign immunity, and under the existing law in the state [sic] of Texas, this third party defendant cannot be sued except to the extent allowed by the Texas Tort Claims Act.

## III.

The Texas Tort Claims Act does not grant permission for this third-party claim to be brought. Therefore, this third-party complaint should be in all things dismissed.

*Third Party's Motion to Dismiss*, at ¶ ¶ II and III, *Keiffer v. Southern Pac. Transp. Co.*, No. B–79–107–CA (E.D.Tex.1980). The third party defendant further contended that under Texas law, even a state court could not entertain the suit, and thus, the

---

**8.** Chief Judge Justice's 1972 opinion was not published. Thus, when Judge Cobb rendered his decision in 1986, he was not made aware, or guided by the *Weaver* decision.

The *Clift* and *Taylor* decisions were rendered within nine months of each other, and thus, it is doubtful that Judge Brown was aware or guided by Judge Cobb's decision in *Taylor*. Be that as it may, the published opinions are nevertheless binding on the court.

**9.** Though Eleventh Amendment Sovereign Immunity and sovereign immunity are very much intertwined, they are not synonymous doctrines. *See, e.g., White v. Houston Independent School Dist.*, 393 F.Supp. 1149, 1153 (S.D.Tex.1975). For an entity to qualify for Eleventh Amendment Sovereign Immunity, it must be determined whether the state is the real party in interest. The test is *not* merely whether the entity enjoys sovereign immunity under state law. If the scope of Eleventh Amendment Sovereign Immunity depended merely on whether the entity was immune under state law, then virtually every entity which exercised a "slice of state power," *Lake County Estates v. Tahoe Planning Agency*, 440 U.S. 391, 401, 99 S.Ct. 1171,

1177, 59 L.Ed.2d 401, 410 (1979) could avoid private suit in federal court. The Supreme Court has consistently and strongly rejected such an expansive application of Eleventh Amendment Sovereign Immunity. *Mt. Healthy Board of Ed. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Moor v. County of Alameda*, 411 U.S. 693, 717–721, 93 S.Ct. 1785, 1799–01, 36 L.Ed.2d 596, 614–16 (1973); *Lincoln County v. Luning*, 133 U.S. 529, 530, 10 S.Ct. 363, 33 L.Ed. 766, 767 (1980).

The fundamental distinction between Eleventh Amendment Sovereign Immunity and sovereign immunity is that only the former "is a constitutional limitation on the federal judicial power established in Art. III." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 907, 79 L.Ed.2d 67, 77 (1984). Only the state may properly claim Eleventh Amendment Sovereign Immunity; political subdivisions which are separate and distinct from the state for real party in interest purposes are not protected. Therefore, where the state is not the real party in interest, any immunity which the defendant entity may enjoy lacks constitutional force, and such immunity cannot divest this court of jurisdiction.

*Erie* doctrine required the court to dismiss the action.[10] Certainly by so arguing, the *Keiffer* third party defendant could not have been asserting Eleventh Amendment principles. Eleventh Amendment Sovereign Immunity only limits *federal* jurisdictional authority, not state jurisdictional authority.

Additionally, were the *Keiffer* court actually confronted with an Eleventh Amendment defense, it would have engaged in the following analysis:

(1) Is the state the real party in interest?

(2) If so, did the state consent to suit in federal court? [11]

The *Keiffer* court never answered these two questions. Of course, the litigants there never presented Eleventh Amendment arguments requiring the court to so answer. Asserting the Eleventh Amendment would have been foolhardy because at the time, it was clear that local school districts were not protected by the Eleventh Amendment. *See, Wright v. Houston Independent School Dist.*, 393 F.Supp. 1149 (S.D.Tex.1975); *Hander v. San Jacinto Junior College*, 519 F.2d 273 (5th Cir. 1975). It thus cannot be fairly stated that *Keiffer* has any precedential value in the case at hand.

Finally, the *Keiffer* court ultimately rejected third party defendant's state-law argument, reasoning that principles of ancillary jurisdiction gave the court proper authority to entertain the third party action. Had the Eleventh Amendment been at issue, this reasoning would have been entirely untenable.[12]

Therefore, having considered the *Keiffer* decision on its face and in its full context, it is readily apparent that *Keiffer* cannot and does not stand for the proposition that Texas, under the Tort Claims Act, waived its Eleventh Amendment Sovereign Immunity from private suit in federal court.

■ As a separate and independent argument, Bekins contends that the State of Texas consented to suit by having counsel appear in this case at a deposition. Of course, a state may waive its Eleventh Amendment Sovereign Immunity by statute or by making a general appearance in litigation in a federal court. *See generally, Petty v. Tennessee-Missouri Comm'n*, 359 U.S. 275, 276, 79 S.Ct. 785, 787, 3 L.Ed.2d 804, 807 (1959) (*citing Clark v. Barnard*, 108 U.S. 436, 447–448, 2 S.Ct. 878, 882–83, 27 L.Ed. 780, 784–85 (1883)). The issue, then, is whether the State's action at the deposition in question constitutes a general appearance.

■ By Bekins' own admission, "[t]he attorney for the [State of Texas] went on record during the deposition stating that he desired his appearance to be 'subject to' the state's motion to dismiss which they intended at that time to pursue." *Bekins' Response*, n. 7, *supra*, at 5. It is the opinion of this court that in so speaking, the State clearly "avowed its unwillingness to submit its rights ... to the adjudication of any court of the United States" and preserved with "great distinctness of language" its right to contest the jurisdiction of this court. *Georgia v. Jesup*, 106 U.S. 458, 462, 1 S.Ct. 363, 366, 27 L.Ed. 216, 218 (1882). As with statutory waivers, "[t]he conclusion that there has been a waiver of immunity will not be lightly inferred." *Petty, supra*, at 276, 79 S.Ct. at 787, 3 L.Ed.2d 807. The court, therefore, holds that the State, by its actions at the deposition in question, did not consent to suit in this court. Anything to the contrary cannot be properly inferred.

Having concluded that the State of Texas has not consented to suit in this court by

**10.** *See,* Third Party's Brief in Support of Motion to Dismiss, *Keiffer v. Southern Pac. Transp. Co.,* No. B–79–107–CA (E.D.Tex.1980).

**11.** *See* authorities cited at Footnotes 5 and 6, *supra.*

**12.** *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 121, 104 S.Ct. 900, 932, 79 L.Ed.2d 67, 99 (1984) ("[N]either pendant jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment," citing *Missouri v. Fiske*, 290 U.S. 18, 27, 54 S.Ct. 18, 27, 78 L.Ed. 145, 154 (1933) ("This is not less a suit against a state because the bill is ancillary and supplementary.")

statute or otherwise, it is hereby OR-DERED, ADJUDGED and DECREED that Bekins' third party action against the State of Texas, and the Texas Highway and Public Transportation Department is DISMISSED without prejudice.