**Writ of Mandamus is Conditionally Granted; Opinion Filed August 19, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00608-CV

## IN RE LEO HUBBARD AND CRETE CARRIER CORPORATION, Relators

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-00974**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Myers

Relators Leo Hubbard and Crete Carrier Corporation filed this mandamus proceeding after the trial court denied their motion to transfer venue from Dallas County to Denton County. We conclude the trial court should have granted the motion to transfer venue, and we conditionally grant the petition for writ of mandamus.

### BACKGROUND

This case is a result of a traffic accident in Denton County. Russell Rutherford, an employee of Celina Independent School District, entered a freeway and struck the tractor-trailer driven by Hubbard and owned by Crete. Hubbard lost control of the truck and struck the car of the real parties in interest, Greg and Christine White, injuring them. The Whites filed suit against Hubbard, Crete, and Rutherford in Dallas County, alleging the defendants' negligence damaged them. Hubbard and Crete filed a motion to transfer venue, asserting that the case arose under the Texas Tort Claims Act because Rutherford was an employee of Celina ISD, and

requesting that the case be transferred to Denton County as required by section 101.102 of the Texas Civil Practice & Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 101.102 (West 2011). Rutherford moved for dismissal of the claims against him under section 101.106(f) of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2011). Rutherford also filed an answer, but he did not object to venue in Dallas County. The Whites then filed notice of nonsuit of Rutherford, and they amended their petition to omit Rutherford as a defendant and to add Celina ISD as a defendant. Celina ISD filed its answer without objecting to venue in Dallas County. Crete's principal business office is in Dallas County. After a hearing, the trial court denied Hubbard and Crete's motion to transfer venue. Hubbard and Crete now bring this petition for writ of mandamus contending the trial court abused its discretion by denying the motion to transfer venue. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (West 2002).

## MOTION TO TRANSFER VENUE

Venue may be proper in many counties under general, permissive, or mandatory venue rules. *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994); *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 15.001–.039 (West 2002 & Supp. 2014). The plaintiff has the first choice in the filing of the lawsuit. *Wilson*, 886 S.W.2d at 260. If a defendant objects to venue where the suit is filed, the defendant must file a motion to transfer prior to or concurrently with any other plea, pleading, or motion except a special appearance or the objection to venue is waived. TEX. R. CIV. P. 86(1). If the plaintiff's venue choice is not properly challenged through a motion to transfer, the propriety of venue is fixed in the county chosen by the plaintiff. *Wilson*, 886 S.W.2d at 260.

A motion to transfer venue must show either "(a) The county where the action is pending is not a proper county; or (b) Mandatory venue of the action in another county is prescribed by

one or more specific statutory provisions . . . ." TEX. R. CIV. P. 86(3). When a motion to transfer venue is filed, the plaintiff has the burden of proving that venue is maintainable in the county of suit. TEX. R. CIV. P. 87(2)(a); *WTFO, Inc. v. Brathwaite*, 899 S.W.2d 709, 714 (Tex. App.— Dallas 1995, no pet.). If the defendant specifically denies the venue facts, the plaintiff must support his pleadings with prima facie proof of the venue facts. TEX. R. CIV. P. 87(3)(c). If the plaintiff fails in that burden, the defendant has the burden of showing that venue is maintainable in the county where transfer is sought under a mandatory venue provision. TEX. R. CIV. P. 87(2)(a). If the defendant carries this burden, then the trial court must sustain the motion to transfer venue and transfer the cause to the proper court. TEX. R. CIV. P. 89; *see WTFO, Inc.*, 899 S.W.2d at 714.

A party may seek a writ of mandamus to enforce a mandatory venue provision. TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (West 2002). The relator must show the trial court clearly abused its discretion by failing to transfer the case, but the relator is not required to prove it lacks an adequate appellate remedy. *In re Lopez*, 372 S.W.3d 174, 176–77 (Tex. 2012) (per curiam) (orig. proceeding). Trial courts have no discretion in determining legal principles or in applying the law to the facts. *In re Tex. Ass'n of Sch. Bds., Inc.*, 169 S.W.3d 653, 656 (Tex. 2005) (orig. proceeding). The only issue is the legal question of whether the trial court properly interpreted the mandatory venue provision. *Id.*

Under the general venue rule, unless a mandatory or permissive venue statute provides otherwise, a plaintiff may file suit (1) in the county in which a substantial part of the events or omissions giving rise to the suit occurred, (2) in the county of the defendant's residence at the time the cause of action accrued, or (3) in the county of the defendant's principal office in Texas if the defendant is not a natural person. TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a) (West 2002). If proper venue is established as to one defendant, then venue is proper as to all

defendants. TEX. CIV. PRAC. & REM. CODE ANN. § 15.005 (West 2002). However, if a mandatory venue provision applies as to one of the claims or causes of action, then suit must be brought in the county provided by the mandatory venue statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.004 (West 2002); *In re Tex. Windstorm Ins. Ass'n*, 121 S.W.3d 821, 824–25 (Tex. App.—Beaumont 2003, orig. proceeding).

In this case, venue is proper in Dallas County under the general venue rule, unless a mandatory venue provision applies, because Crete's principal office in Texas is in Dallas County. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(3). However, Celina ISD is a governmental unit under the tort claims act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B) (West Supp. 2014) (defining "governmental unit" as including a school district). The tort claims act contains a mandatory venue provision, section 101.102(a), which provides: "A suit under this chapter shall be brought in state court in the county in which the cause of action or a part of the cause of action arises." TEX. CIV. PRAC. & REM. CODE ANN. § 101.102(a) (West 2011); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 15.016 ("An action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute."); *In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 76 (Tex. 2007) (per curiam) (orig. proceeding) (section 101.102(a) is a mandatory venue provision). The Whites' claim against Celina ISD was a claim under the tort claims act. *See* TEX. CIV. PRAC. & REM. CODE ANN. 101.021(1) (West 2011). Therefore, the Whites' claim against Celina ISD was subject to the mandatory venue provision of section 101.102(a), and suit had to be brought in the county required by the mandatory venue provision, that is, the county where the cause of action or part of the cause of action arose. The Whites do not dispute that the cause of action arose in Denton County.

Under rule 87, when Hubbard and Crete moved to transfer venue, the Whites had the burden of proving that venue was maintainable in Dallas County. *See* TEX. R. CIV. P. 87(2)(a); *WTFO, Inc.* 899 S.W.2d at 714. They could not meet this burden because a mandatory venue provision, section 101.102(a), required the suit be brought in Denton County. Hubbard and Crete correctly pointed out that mandatory venue lay in Denton County under section 101.102(a).

The Whites assert that Celina ISD waived any right to have the tort claims act case be brought in Denton County because the school district did not object to venue before filing its answer. *See* TEX. R. CIV. P. 86(1). Assuming that Celina ISD could waive the mandatory venue provision under the tort claims act, the school district's waiver did not bar Hubbard and Crete from asserting the provision. Regardless of any waiver of venue by the school district, the fact remained that the Whites had brought a claim under the tort claims act, and section 101.102(a) required the claim be brought in Denton County. Hubbard and Crete met their obligation under rule 86 to show that "[m]andatory venue of the action in another county is prescribed by one or more specific statutory provisions." TEX. R. CIV. P. 86(3)(b).

The Whites argue that Hubbard and Crete did not have standing to assert section 101.102(a), citing *Nissen Corp. v. Layman*, 651 S.W.2d 824 ((Tex. App.—Houston [1st Dist.] 1983, no writ). In *Nissen Corp.*, the plaintiff, a Harris County resident, was injured while on the campus of Southwest Texas State University in Hays County using exercise equipment manufactured by Nissen, which was a foreign corporation and did not have a registered agent in Texas. *Id.* at 824, 825. The plaintiff sued Nissen and the university in Harris County. *Id.* at 824. Nissen filed a plea of privilege, asserting that venue lay in Hays County under the tort claims act because the cause of action arose there. *Id.* The Houston First District Court of Appeals stated

that the tort claims act did not inure to the benefit of individuals or corporations and that only the State of Texas may invoke its limitations and protections. *Id.* at 825.

We decline to follow *Nissen*. That court did not cite any authority for its conclusion that a nongovernmental entity could not assert the tort claims act's mandatory venue provision. Nothing in the tort claims act or chapter 15 of the civil practice and remedies code limits who may assert a mandatory venue provision.

The Whites also assert that Celina ISD as a governmental unit has the right to make a strategic decision whether to invoke the mandatory venue provision or to waive the provision and proceed to trial where the suit is filed. They assert that Celina ISD strategically decided to defend the suit in Dallas County instead of insisting on trial in Denton County. They argue that allowing another defendant to assert the mandatory venue provision when the government defendant has made the strategic decision not to object to venue interferes with that right. The Whites quote the statement from the El Paso Court of Civil Appeals, "Since a State may withhold entirely its consent to be sued, when it does waive liability it can impose conditions that it only be sued in certain courts and places." *Bishop v. State*, 577 S.W.2d 377, 378 (Tex. Civ. App.—El Paso 1979, no writ) (citing *State v. Isbell*, 94 S.W.2d 423, 424 (Tex. 1936)). However, the decision that the governmental unit should have immunity as well as the determination of the "conditions that it only be sued in certain courts and places" is made by the legislature. *See City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007) ("[W]e have said immunity from liability 'depends entirely upon statute'") (citing *Dallas County Mental Health and Mental Retardation v. Bossley,* 968 S.W.2d 339, 341 (Tex. 1998)). The legislature has determined that suits against a governmental unit "*shall* be brought . . . in the county in which the cause of action or a part of the cause of action arises." TEX. CIV. PRAC. & REM. CODE ANN. § 101.102(a) (emphasis added). Neither the statutes nor the rules prohibit another party from insisting that

venue be in the court required by section 101.102(a). Waiver of venue by one defendant does not bar another defendant from challenging venue by filing a motion to transfer. *WTFO, Inc.*, 899 S.W.2d at 718.

Section 101.102 states the proceeding "shall be brought" in the county where the cause of action arises. In this case, that county is Denton County, and Hubbard and Crete met the requirements of rules 86 and 87 by establishing that mandatory venue lay in Denton County. We conclude the trial court abused its discretion by denying Hubbard and Crete's motion to transfer venue.

## CONCLUSION

We conditionally grant the writ of mandamus. A writ will issue only in the event the trial court fails to vacate its April 29, 2014 "Order Denying Defendants' Motion to Transfer Venue" and to transfer venue of the cause to Denton County pursuant to rule of civil procedure 89.

/Lana Myers/

LANA MYERS
140608F.P05                                                          JUSTICE

–7–