**C. R. RODRIQUEZ, Plaintiff-Appellant,**

v.

**MEDICAL ARTS HOSPITAL et al., Defendants-Appellees.**

**Anita PEREZ, Third-Party Plaintiff-Appellant,**

v.

**MEDICAL ARTS HOSPITAL et al., Third-Party Defendants-Appellees.**

**No. 30199.**

United States Court of Appeals, Fifth Circuit.

Feb. 11, 1971.

**1204**

A. W. Salyars, D. Michael Worley, R. Michael Millsap, Huff & Bowers, Lubbock, Tex., for plaintiff-appellant.

Jack Little, Little & Little, Big Spring, Tex., Vernon D. Adcock, Lamesa, Tex., Charles B. Jones, William J. Wade, Max C. Addison, Lubbock, Tex., for defendants-appellees.

Before CLARK, Associate Justice,* and GEWIN and RONEY, Circuit Judges.

PER CURIAM:

Appellants sued Medical Arts Hospital, Dawson County, Texas, and others to recover damages for the death of appellants' minor son and alleged that the negligent conduct of the appellees constituted a direct and proximate cause of the death. The hospital and the County moved to dismiss the complaint asserting governmental and charitable immunity. After oral argument and receipt of briefs, the district court treated the motions to dismiss as motions for summary judgment under Rule 12(c) F.R.Civ.P. and entered judgment in favor of the County and the hospital. We affirm.

In reaching its conclusion the court held that in Texas, counties are political subdivisions of the state operating solely and exclusively as a governmental agency in a governmental capacity and are, therefore, immune from tort liability. Karling v. Lower Colorado River Authority, 303 S.W.2d 495 (Tex.Civ.App. 1957) writ ref'd. n. r. e. It further held that counties are exercising a governmental function when they furnish, operate and maintain hospitals for the benefit of the public and not for the purpose of profit or revenue. Fesal v. Hutchison County, 443 S.W.2d 937 (Tex.Civ. App.1969).

It is our judgment that the district court reached the correct conclusion and that the hospital and the County were properly dismissed from the cause and judgment entered in their behalf. Governmental immunity is a viable legal principle in Texas. Slocum v. Galveston County, 410 S.W.2d 487 (Tex.Civ.App. 1966) writ ref'd n. r. e.; Arseneau v. Tarrant County Hospital District, 408 S. W.2d 802 (Tex.Civ.App.1966) writ ref'd n. r. e.

Judgment affirmed.

* Associate Justice United States Supreme Court (Ret.), sitting by designation.