William J. LESTER, Plaintiff,

v.

**COUNTY OF TERRY, TEXAS,**
**Defendant.**

Civ. A. No. 5–1019.

United States District Court,
N. D. Texas,
Lubbock Division.

Jan. 8, 1973.

Johnny Splawn, Splawn Law Offices, Inc., Lubbock, Tex., for plaintiff.

Tom S. Milam, Crenshaw, Dupree & Milam, Lubbock, Tex., for defendant.

## MEMORANDUM AND ORDER

WOODWARD, District Judge.

The present case is a diversity action before the Court on defendant's motion to dismiss and defendant's motion to strike paragraphs III and VII of plaintiff's first amended original complaint. The motion to dismiss presents a question of first impression under the Texas Tort Claims Act (T.T.C.A.), Tex.Rev. Civ.Stat.Ann. art 6252–19.

Plaintiff was employed on or about September 17, 1971, by defendant, Terry County, Texas, operating a road grader weeding ditches. As plaintiff was attempting to climb upon the road grader, he fell to the ground and sustained substantial injuries. Plaintiff claims that defendant was negligent in several respects and that such negligence was the proximate cause of plaintiff's injuries. Plaintiff alleges damage in an additional count as a result of defendant's having discharged plaintiff because plaintiff had filed a claim under the Texas Workmen's Compensation Act.

■ It is clear and uncontroverted in the present case that governmental immunity from tort liability is recognized in Texas and that counties are political subdivisions of the state operating solely and exclusively as governmental agencies in a governmental capacity. Karling v. Lower Colorado River Authority, 303 S.W.2d 495 (Tex.Civ.App.—Austin 1957, writ ref. n. r. e.).; Rodriquez v. Medical Arts Hospital, 437 F.2d 1203 (5th Cir. 1971). Thus the present defendant is immune from tort liability unless such immunity has been abrogated by the T.T.C.A.

■ Defendant seems to concede that it lacks immunity in the proper forum under art. 6252–19, § 3, which provides that

Each unit of government in the state shall be liable for money damages for personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle and motor-driven equipment, . . . under circumstances where such officer or employee would be personally liable to the claimant in accordance with the law of this state, or death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state . . . .

But defendant claims that plaintiff has no jurisdiction in the federal district court since art. 6252–19, § 5, requires that "All cases arising under [the T.T.C.A.] shall be instituted in the county in which the cause of action or a part thereof arises." This Court holds, however, that since the requisites of citizenship and jurisdictional amount are present, this Court has jurisdiction over the present cause of action since the County of Terry is located within the Lubbock Division of the Northern District of Texas. And it is doubtful under the supremacy clause of the United States

Constitution, Art. 6, cl. 2, whether a state could constitutionally deprive a federal court of jurisdiction which the Congress of the United States had otherwise given it. To abide by defendant's argument would also create the anomaly that a county could be sued in federal court only where the cause of action happened to arise in a county in which the Judicial Code, Title 28 U.S.C., authorizes a federal district court to sit. Such a result would be unacceptable and certainly contrary to legislative intent.

■ Defendant further asserts as a ground for its motion to dismiss that plaintiff has not pursued his administrative remedies as required by Tex.Rev. Civ.Stat.Ann. art. 1573, which provides that "No county shall be sued unless the claim upon which such suit is founded shall have first been presented to the commissioners court for allowance, and such court shall have neglected or refused to audit and allow the same, or any part thereof." Since counsel for plaintiff asserts that a sufficient claim has been filed, the Court is unwilling to rule upon this aspect of the motion to dismiss at this time and will consider such question at the time of a trial on the merits of this case and on the facts presented pertaining to the filing of the claim.

■ Defendant's motion to strike paragraph III of plaintiff's first amended original complaint is hereby granted. Plaintiff claims that the customary common-law defenses are not available to defendant because according to the Texas Workmen's Compensation Act, Tex. Rev.Civ.Stat.Ann. arts. 8306–8309f, an employer otherwise eligible to participate in the workmen's compensation program who does not choose so to participate forfeits his common-law defenses in an action against him by an employee. However, the wording and logic of art. 8309c, § 3, contradicts such reasoning. This section provides in part that a county may voluntarily choose to purchase workmen's compensation insurance but that said provision "is permissive and not mandatory." A county not volun-

tarily electing to carry Workmen's Compensation Insurance is not deprived of its common-law defenses in an action against it by a county employee.

This same art. 8309c, § 3, provides further that a county must purchase such insurance if the voters of the county so determine in an election and provides that "if *such county* fails to provide either self-insurance or insurance under a policy of insurance, the county shall be subject to Sections 1 and 4, of Article 8306 . . . ." [emphasis added]. Section 1 of art. 8306 denies employers the benefit of the common-law defenses. Therefore it is an inescapable inference that in a county in which no election has resulted in a mandate for insurance coverage, section 1 of article 8306 does not apply and the county has available to it the common-law defenses. See Op.Atty. Gen.1969, No. M–527 (Tex.).

■ Defendant's motion to strike paragraph VII of plaintiff's first amended original complaint is likewise granted. Said paragraph is in regard to the alleged unlawful discharge of plaintiff allegedly resulting from plaintiff's filing of a workmen's compensation claim. However, since subscription to the workmen's compensation is voluntary for a county according to art. 8309c, § 3, and since defendant County of Terry has failed to choose workmen's compensation coverage, art. 8307c, § 1, which provides that "No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim . . . [or] instituted . . . in good faith, any proceeding under the Texas Workmen's Compensation Act . . . ," is therefore not applicable to this county government.

■ Further, paragraph VII of plaintiff's first amended original complaint is a complaint sounding in tort (wrongful discharge) against Terry County, a governmental unit. Governmental immunity is available to this defendant as an absolute defense to such a tort action. Karling v. Lower Colorado River

Authority, *supra,* and Rodriquez v. Medical Arts Hospital, *supra.*

Plaintiff is hereby given permission to amend or supplement his pleadings in order specifically to allege and prove that the necessary and proper claim has been filed by plaintiff in accordance with art. 1573.