**Willie BRYANT, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

No. 4:00CV35–D–A.

United States District Court,
N.D. Mississippi,
Greenville Division.

April 19, 2000.

James H. Walker, James H. Walker, Attorney, Cleveland, OH, for Willie Bryant, plaintiff.

Charles S. Tindall, III, Lake Tindall, LLP, Greenville, MS, Roy A. Smith, Jr., Daniel. Coker, Horton & Bell, Jackson, Ralph M. Dean, U.S. Attorney's Office, Ralph M. Dean, U.S. Attorney's Office, Oxford, MS, for Albert Horne, Motorent, Inc., United States of America, defendant.

*OPINION*

Presently before the court is the Defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Upon due consideration, the court finds that the motion should be granted.

*Factual and Procedural Background*

The Plaintiff, Willie Bryant, was involved in a motor vehicle accident with Albert Horne, a federal employee, on U.S. Highway 82 in Indianola, Mississippi, on May 7, 1997. Bryant was injured in the accident and, on January 14, 2000, brought a personal injury negligence action against Horne in Sunflower County Circuit Court. Horne, a Texas resident, then removed the case pursuant to, *inter alia*, this court's diversity jurisdiction. Horne was then

certified to have been acting within the scope of his employment as a federal employee at the time of the accident; as such, he was dismissed from the suit and the United States was substituted as the proper defendant. *See* 28 U.S.C. § 2679(b), 2679(d). The United States now moves to dismiss based upon Bryant's failure to properly exhaust his administrative remedies under the Federal Tort Claims Act, 28 U.S.C. § 2675(a).

Bryant admits he has not complied with the applicable exhaustion requirements. He seeks, however, either to be excused from the exhaustion requirement entirely or given additional time to comply because he claims not to have realized, until it was too late, that Horne was a federal employee and that the United States was the actual party in interest. For the reasons set forth below, the court shall grant the United States' motion to dismiss.

### Discussion

1. Sovereign Immunity and the Federal Tort Claims Act

The United States, as a sovereign, is immune from suit unless it consents to be sued. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). Thus, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976). As a result, consent "cannot be implied but must be unequivocally expressed." *Mitchell,* 445 U.S. at 538, 100 S.Ct. 1349. Accordingly, statutes purporting to waive the United States' sovereign immunity are strictly construed. *See id.*

In various statutes throughout the years, Congress has carved into the immunity of the federal government. One such statute is the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671–80, which waives the United States' sovereign immunity with regard to various types of tort claims, including claims for personal injuries allegedly caused by the negligence of federal employees acting within the scope of their employment. *See United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979). The FTCA, however, attaches conditions to the waiver. One of those conditions is contained in 28 U.S.C. § 2679(b)(1), which provides that the FTCA is a plaintiff's exclusive remedy in cases of this type:

> The remedy against the United States provided by [the Federal Tort Claims Act]... for personal injury... arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action... against the employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee... is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1).

In addition to the FTCA being the exclusive remedy for claims of this type, another condition Congress has placed on the government's waiver of immunity is the exhaustion requirement contained in 28 U.S.C. § 2675(a), which provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency...

28 U.S.C. § 2675(a). The FTCA also makes clear that its exhaustion requirements apply even to actions not originally brought against the United States. *See* 28 U.S.C. § 2679(d)(4) (actions in which the United States is substituted as a party "shall proceed in the same manner as any

action against the United States filed pursuant to [the FTCA] and shall be subject to the limitations and exceptions applicable to those actions."). Here, Bryant admits he has not complied with section 2675(a)'s exhaustion requirement. The United States seeks dismissal on this ground; Bryant seeks to be excused from the exhaustion requirement or, alternatively, to be given additional time to comply.

Finally, a plaintiff has two years after his claim accrues to present his tort claim in writing to the appropriate Federal agency; otherwise, any claim he may have had "shall be forever barred." 28 U.S.C. § 2401(b). Bryant failed to comply with this requirement and this statute of limitations has now expired. There are, however, a couple of important caveats to this limitations period.

First, in cases where the plaintiff has failed to timely present his claim pursuant to section 2675(a) but has filed a civil action in which the United States has been substituted as the party defendant, the plaintiff shall be allowed to pursue his claim if (i) the claim would have been timely had it been presented, to the appropriate Federal agency, on the date the underlying civil action was commenced, and (ii) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action. *See* 28 U.S.C. § 2679(d)(5). In other words, the plaintiff's civil action will be dismissed but he will be given 60 days to comply with the exhaustion requirement.

Second, under certain circumstances, a court may equitably toll the FTCA's two year statute of limitations in favor of the plaintiff. *Perez v. United States,* 167 F.3d 913, 917 (5th Cir.1999). As is explained below, however, Bryant is not eligible for either type of relief.

2. 28 U.S.C. § 2679(d)(5)

Bryant seeks to be excused from the FTCA's two year filing deadline due to his lack of knowledge that Horne was a

federal employee and that his exclusive remedy for damages was under the FTCA. In support of this proposition, he seeks to rely primarily on *Kelley v. United States,* 568 F.2d 259 (2d Cir.1978). In *Kelley,* the Second Circuit held that a removed FTCA action need not be dismissed for failure to file an administrative claim where the statute of limitations for filing the claim had already expired, but the plaintiff did not know that the defendant was a federal employee.

In 1988, however, ten years after the Second Circuit's *Kelley* decision, Congress effectively overruled the reasoning of *Kelley* by amending the FTCA through the enactment of the Federal Employees Liability Reform and Tort Compensation Act, commonly referred to as the Westfall Act. *See e.g., Filaski v. United States,* 776 F.Supp. 115, 117 (E.D.N.Y.1991). The Westfall Act makes it clear that the FTCA is the exclusive remedy for those injured by federal employees acting within the scope of their employment and that the exhaustion requirements apply even to actions which are not originally brought against the United States. *See* 28 U.S.C. § 2679(b)(1), 2679(d)(4).[1]

Congress' intent to require exhaustion in cases where the United States has been substituted as the party defendant is also vividly underscored by its adoption of 28 U.S.C. § 2679(d)(5), which is part of the Westfall Act. Section 2679(d)(5) provides protection for the plaintiff who has no knowledge of the federal presence in a case, thereby addressing the *Kelley* court's concerns and rendering that decision toothless. Specifically, in cases where the United States is substituted as a defendant, section 2679(d)(5) provides relief from the FTCA's two-year period of limitations. It does so by granting a plaintiff, whose claim is dismissed for failure to exhaust, sixty days to file an administrative claim with the appropriate agency, *as*

---

1. Moreover, the Fifth Circuit, even prior to the enactment of the Westfall Act, rejected the *Kelley* Court's reasoning. *Houston v. United States Postal Serv.,* 823 F.2d 896, 900–02 (5th Cir.1987).

*long as the original lawsuit was commenced within the two year time period allowed for filing a claim.*

It is this last requirement that is critical in this case. Bryant's lawsuit was filed in state court some two years and eight months after his claim accrued, eight months too late for him to be eligible for relief under section 2679(d)(5). While this may appear to be a trap for the unwary, in that Mississippi's statute of limitations for personal injury actions is three years instead of two, this court is not at liberty to rewrite or ignore the plain language contained in section 2679(d)(5).[2] As such, section 2679(d)(5) is of no assistance to Bryant.

3. Equitable Tolling of the FTCA's Two Year Statute of Limitations

■ Federal courts have typically extended equitable relief only sparingly. On the subject of the equitable tolling of statutes of limitations the Supreme Court has held that:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period,[3] or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving where the claimant failed to exercise due diligence in preserving his legal rights.... [Moreover,] the principles of equitable tolling described above do not extend to... garden variety claim[s] of excusable neglect.

*Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990); *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984). Regarding the FTCA specifically, the Fifth Circuit has held that the FTCA's statute of limitations may be equitably tolled in cases "where the principles of equitable tolling would ordinarily apply" and where the plaintiff has "actively pursued judicial remedies ... [and] exercised due diligence." *Perez v. United States,* 167 F.3d 913, 917 (5th Cir.1999).

Equitable tolling is inappropriate in this case, however, because this is simply a "garden variety" claim of excusable neglect. Unlike the plaintiffs in *Burnett* or *Perez,* Bryant did not exercise due diligence. Instead, he simply sat on his rights until the two year statute of limitations had passed. He did not file his claim in any court before the expiration of the FTCA statute of limitations nor did the government induce him into allowing the filing deadline to pass. While federal employees may not be especially plentiful in Indianola, Mississippi, the court is of the opinion that had Bryant exercised due diligence and actively pursued his judicial remedies, he could have determined Horne's status as a federal employee within the two year limitations period. Bryant, however, failed to do so. As such, the court declines to equitably toll the FTCA's two year statute of limitations in Bryant's favor.

In sum, the court shall dismiss Bryant's complaint due to his failure to exhaust his FTCA administrative remedies within the congressionally mandated limitations period.

A separate order in accordance with this opinion shall issue this day.

### ORDER

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Defendant's motion to dismiss (docket entry 13) is GRANTED;

(2) the Plaintiff's claims are DISMISSED; and

(3) this case is CLOSED.

---

**2.** However, as noted *infra,* in appropriate circumstances the court can equitably toll the two year statute of limitations.

**3.** *See, e.g., Burnett v. New York Cent. R.R. Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965) (plaintiff timely filed complaint in wrong court).

All memoranda and other materials considered by the court in ruling on this motion are hereby incorporated into and made a part of the record in this cause.