**Billy JACKSON, Plaintiff,**

v.

**SHERIFF OF ELLIS COUNTY, TEXAS, et al., Defendants.**

**No. CIV.A. 3:00–CV–1965G.**

United States District Court,
N.D. Texas,
Dallas Division.

April 2, 2001.

John Weddle, Law Office of John Weddle, Garland, TX, for Plaintiff.

Robert S. Davis, Virginia Durham Young, Flowers, Davis, Fraser, Derryberry, & Van Cleef, Tyler, TX, for Defendants.

FISH, District Judge.

### MEMORANDUM ORDER

Before the court is the motion of the defendant, the Sheriff of Ellis County, Texas (the "Sheriff"), to dismiss the claims brought against him. For the following reasons, the Sheriff's motion is granted in part and denied in part.

### I. BACKGROUND

This suit filed by the plaintiff, Billy Jackson ("Jackson"), arises from an injury that Jackson claims he received while in the custody of the Sheriff's Department of Ellis County. Plaintiff's Original Complaint ("Complaint") at 2–3. On September 9, 1998, Jackson appeared at a state court child support hearing, was found to be in civil contempt, and was taken into

custody—pursuant to a court order—by a deputy sheriff. *Id.* at 2. The arresting deputy Sheriff handcuffed Jackson's hands in front of him, despite Jackson's protestations that he had a back condition requiring him to use a cane to maintain his balance.[1] *Id.* Jackson further alleges that he was compelled to descend a set of stairs without assistance and that he fell while attempting to negotiate them. *Id.* at 3. In consequence of the fall, Jackson contends, he sustained a fracture to the lumbar fusion in his back, causing him great pain. *Id.* Furthermore, Jackson maintains, during his 36 days in custody, he was frequently denied access to his previously prescribed pain medication. *Id.*

Jackson filed this suit on September 7, 2000, alleging violations of the Texas Tort Claims Act ("TTCA"), TEX. CIV. PRAC. & REM. CODE ANN. § 101.001 *et seq.* (Vernon 1997), and 42 U.S.C. § 1983, and also asserting a claim for the intentional infliction of emotional distress. The Sheriff has moved to dismiss all three of Jackson's claims, arguing that (1) Jackson has not alleged that his injuries occurred as a result of an unconstitutional policy, custom or practice; (2) this court does not have jurisdiction over Jackson's TTCA count; and (3) the Sheriff has Eleventh Amendment immunity from suit for intentional infliction of emotional distress. Motion to Dismiss or for More Definite Statement and Conditional Answer of Defendant Sheriff of Ellis County Texas ("Motion") at 1.

## II.  ANALYSIS

### A.  Standard for Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." However, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle it to relief. See *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Leffall v. Dallas Independent School District,* 28 F.3d 521, 524 (5th Cir.1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982) (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, Federal Practice and Procedure: Civil § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). In determining whether dismissal should be granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. See *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.,* 30 F.3d 627, 629 (5th Cir.1994); *Norman v. Apache Corporation,* 19 F.3d 1017, 1021 (5th Cir.1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare,* 925 F.2d 844, 846 (5th Cir.1991).

### B.  Section 1983 Municipal Liability

The Fifth Circuit recently clarified the law governing municipal liability for section 1983 claims in *Piotrowski v. City of Houston.* "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir.2001). Although an official policy

---

1. Jackson alleges that he underwent a surgical lumbar fusion on May 21, 1998. Complaint at 2.

which is itself unconstitutional clearly subjects a municipality to section 1983 liability, "even a facially innocuous policy will support liability if it was promulgated with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result." *Id.* at 579.

■ The Sheriff contends that Jackson's complaint "does not set out any basis for asserting an *unconstitutional* policy, custom or practice." Motion at 5 (emphasis added). However, *Piotrowski* makes it clear that Jackson need not plead or prove that his injuries occurred as the result of an unconstitutional policy. Rather, in order to establish the official policy element, Jackson need only allege that such a policy was promulgated with deliberate indifference to the known or obvious consequences that constitutional violations would result. This he has done. Jackson alleges that a policymaker—in this case, the Sheriff—established an official policy of handcuffing all arrestees, thereby "intentionally and knowingly plac[ing] him in a position where he suffered severe bodily injury." Complaint at 4. Thus, the Sheriff's argument that Jackson's complaint is deficient in this regard must fail.

■ Of course, as the Sheriff notes, Jackson—in order to prevail ultimately—must prove that the Sheriff, as a policymaker, acted with deliberate indifference to the known consequence that his handcuffing policy would result in a constitutional violation. Motion at 5. "Deliberate indifference of this sort is a stringent test, and 'a showing of simple or even heightened negligence will not suffice' to prove municipal culpability." *Piotrowski*, 237 F.3d at 579. In ruling on a motion to dismiss, however, the court must accept all well-pleaded facts as true and must view them in the light most favorable to Jackson. Accordingly, the Sheriff's motion to dismiss Jackson's section 1983 claim is denied.

### C. *Texas Tort Claims Act*

■ The Sheriff contends that this court has no jurisdiction over Jackson's TTCA claim under TTCA § 101.102. Motion at 6. That section provides, "[a] suit under this chapter shall be brought in state court in the county in which the cause of action or a part of the cause of action arises." TTCA § 101.102. Contrary to the position taken by the Sheriff, the federal district courts in this circuit have consistently held that "this 'venue' statute does not defeat federal jurisdiction over lawsuits brought under the Act." *Mifsud v. Palisades Geophysical Institute, Inc.*, 484 F.Supp. 159, 161 (S.D.Tex.1980); see also *Lester v. County of Terry, Texas*, 353 F.Supp. 170, 171–72 (N.D.Tex.1973). This court has original jurisdiction over Jackson's section 1983 claim and thus has supplemental jurisdiction over Jackson's related state law claims under 28 U.S.C. § 1367. Because "[i]t is doubtful under the supremacy clause of the United States Constitution, Art. 6, cl. 2, whether a state *could* constitutionally deprive a federal court of jurisdiction which the Congress of the United States had otherwise given it," *Lester*, 353 F.Supp. at 171–72 (emphasis added), the Sheriff's argument is unavailing. Accordingly, the Sheriff's motion to dismiss Jackson's TTCA claim is denied.

### D. *Intentional Infliction of Emotional Distress*

■ In his motion to dismiss, the Sheriff argues that he is entitled to sovereign immunity on Jackson's claim for intentional infliction of emotional distress. Motion at 6. The tort liability of the state of Texas and its political subdivisions, such as Ellis County and its Sheriff's Department, is strictly limited. See *Federal Sign v. Texas Southern University*, 951 S.W.2d 401, 405 (Tex.1997) (discussing the doctrine of sovereign immunity under Texas law);

*City of Lancaster v. Chambers,* 883 S.W.2d 650, 658 (Tex.1994) (explaining that a municipality is a political subdivision of the state and thus is not liable in tort unless its common law immunity is waived by the TTCA); see also *Knowles v. City of Granbury,* 953 S.W.2d 19, 23 (Tex.App.—Fort Worth 1997, writ denied) ("Generally, municipalities and other government entities have governmental or sovereign immunity from private litigation.").

Under the TTCA, the Sheriff can be held liable in negligence only for (1) injuries caused by the operation or use of a motor-driven vehicle, see TTCA § 101.021(1), (2) injuries caused by a condition or use of tangible personal or real property, see TTCA § 101.021(2), and (3) injuries arising from premise defects, see TTCA §§ 101.021(1) and 101.022. See *Lowe v. Texas Tech University,* 540 S.W.2d 297, 298 (Tex.1976); see also *Loyd v. ECO Resources, Inc.,* 956 S.W.2d 110, 123 (Tex.App.—Houston [14 Dist.] 1997, no writ). Jackson contends that the Sheriff does not have immunity from suit for intentional infliction of emotional distress because that claim derives from the use of tangible personal property—namely, handcuffs. Plaintiff's Response to Motion to Dismiss or for More Definite Statement at 7. Jackson is incorrect. It is true that Jackson has filed a tort claim under TTCA § 101.021(2) in which he alleges that the use of handcuffs by the Sheriff's deputy caused him physical injury. Complaint at 3. Because that claim falls within the rubric of TTCA § 101.021(2) the Sheriff does not enjoy sovereign immunity from Jackson's TTCA tort claim. However, Jackson's complaint also makes a separate claim for intentional infliction of emotional distress. Complaint at 4–5. Jackson's intentional infliction of emotional distress claim is governed by TTCA § 101.057

which provides, "[t]his chapter does not apply to a claim ... arising out of assault, battery, false imprisonment, *or any other intentional tort ...*" (emphasis added). Thus, the limited waiver of sovereign immunity in the TTCA does not, by virtue of § 101.057, extend to intentional torts such as the intentional infliction of emotional distress. Absent that waiver of sovereign immunity, the Sheriff (and Ellis County) cannot be liable on this claim.[2] See *Aston v. City of Cleburne,* 2000 WL 217876, at *3 (N.D.Tex. February 22, 2000); see also *Kesler v. King,* 29 F.Supp.2d 356, 375–76 (S.D.Tex.1998). Accordingly, the Sheriff's motion to dismiss Jackson's intentional infliction of emotional distress claim is granted.

### III. CONCLUSION

For the aforementioned reasons, the Sheriff's motion to dismiss is **GRANTED** in part and **DENIED** in part.

**SO ORDERED.**

---

**2.** Jackson has sued the Sheriff in his official capacity. Complaint at 1. He acknowledges

that the case is, "in effect, a suit against Ellis County." *Id.*