Penny **JONES, Individually and Shemar Larenz Bryant, a Minor by and through his next friend Penny Jones Plaintiffs,**

v.

David R. **GAHN, M.D. and University of Texas Medical Branch at Galveston, and other unknown individuals, Entities, Agents, Principals, Public, Private and/or Governmental Agencies, Defendants.**

No. G–02–548.

United States District Court,
S.D. Texas,
Galveston Division.

Jan. 27, 2003.

Kevin Bernard Howard, Houston, TX, for Penny Jones, Shemar Larenz Bryant, A Minor by and thru his next friend Penny Jones, plaintiffs.

Vernon L Lewis, Assistant U.S. Atty, Houston, TX, for David R. Gahn, MD, defendant.

Harry Deckard, Office of the Atty Gen, Austin, TX, for University of Texas Medical Branch Galveston, and other unknown individuals, entities, agents, principals, public, private and/or governmental agencies, United States of America, defendant.

*ORDER SUBSTITUTING THE UNITED STATES AS A PARTY FOR GAHN, GRANTING THE UNITED STATES' MOTION TO DISMISS, AND REMANDING THE REMAINING CLAIMS TO TEXAS STATE COURT AFTER GRANTING DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON'S PLEA TO THE JURISDICTION AND MOTION TO DISMISS*

KENT, District Judge.

Plaintiffs Penny Jones and Shemar Bryant, a minor by and through his next friend Penny Jones, ("Plaintiffs") brought this action against David R. Gahn, M.D. ("Gahn") and the University of Texas Medical Branch at Galveston ("UTMB") in the 405th Judicial District Court in Galveston County, Texas on May 5, 2002. Gahn subsequently removed this lawsuit to the Southern District of Texas. Gahn's status as a federal employee serves as the basis for removal since Plaintiffs' present action arises out of events that the Assistant United States Attorney General ("U.S.") alleges occurred while Gahn was acting within the scope of his federal employment. Now before the Court is Defendant's Motion to Substitute the United States as a Defendant and the United States' Motion to Dismiss, which was filed on August 14, 2002, and resubmitted on December 9, 2002. The U.S. moves to dismiss this lawsuit for Plaintiffs' failure to state a claim upon which relief may be granted. Additionally, UTMB filed its Plea to the Jurisdiction and Motion to Dismiss arguing that UTMB did not consent to suit in federal court, and as a result, this Court lacks subject matter jurisdiction to entertain Plaintiffs' suit against UTMB. For reasons articulated below, the Court GRANTS the United States' Motion to Substitute the United States as a Defendant in the place of Gahn. As a result of the substitution, the Court **GRANTS** the United States' Motion to Dismiss and hereby **DISMISSES** all of Plaintiffs' claims against the United States **WITH PREJUDICE**. Last, the Court **GRANTS** UTMB's Plea to the Jurisdiction and hereby **REMANDS** all claims against UTMB to Texas state court so that they may be properly pursued under the Texas Tort Claims Act.

## I. BACKGROUND

Plaintiffs allege the following facts: On March 15, 2000, Plaintiff Penny Jones sought obstetrical care from David Gahn, M.D. at the University of Texas Medical Branch at Galveston. Later that day, Gahn performed a cesarean delivery on Penny Jones. Shemar Bryant was successfully delivered during surgery performed by Gahn. However, Plaintiffs allege that Gahn was negligent in delivering Bryant by cutting too deeply into Bryant's mother, which ultimately resulted in slicing the cheeks of Bryant during the operation. Plaintiffs allege this cut has resulted in permanent cosmetic disfigurement and other injuries to Bryant. Accordingly, Plaintiffs filed this lawsuit to redress their injuries.

On February 21 and 22, 2002, Plaintiffs received certified mail receipts from certified letters that Plaintiffs sent UTMB and Gahn, respectively, giving notice that Plaintiffs were anticipating filing an action against them. When filing a health care liability claim in Texas state court, plaintiffs are required to give written notice to each doctor and health care provider sixty days before filing suit. Tex.Rev.Civ. Stat. Ann. art. 4590i, § 4.01 (Vernon 2001). Once the plaintiff has done such, the Texas two-year statute of limitations is tolled seventy-five days to account for the sixty-day notice requirement. *Id.* Pursuant to the

above Texas statutory requirements and within the Texas statute of limitations, Plaintiffs filed the present action on May 5, 2002, against Gahn and UTMB in the 405th Judicial District Court, Galveston County, Texas.

On August 5, 2002, Gahn removed the action to this Court pursuant to 28 U.S.C. § 2679(d)(2). In the Notice of Removal, the U.S. represented that Gahn was employed exclusively by Indian Health Services at the time the of injury to the Plaintiffs. Based upon this representation, the United States asked that it be substituted in the place of Gahn as the Defendant. Then, once the United States was substituted, the U.S. urged this Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States' substitution affects whether Plaintiffs may proceed in this case for the following reason: If the United States is substituted as the proper Defendant in this case, then Plaintiffs' exclusive remedy is provided by the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2679(b)(1). However, before Plaintiffs can bring suit against the United States under the FTCA, they must file an administrative claim before the two-year statute of limitations runs-which they did not do. *See* 28 U.S.C. §§ 2401(b), 2675(a). Hence, if the United States is properly substituted, the Plaintiffs are essentially left without a remedy.

The Court was concerned that the U.S. had not properly certified that Gahn was acting within the scope of his federal employment at the time of the accident. Because of its concerns, the Court issued its October 1, 2002 Order, which stayed the case for a period of sixty (60) days and required the U.S. to submit a much more detailed certification consistent with its Order. Consistent with the Order, the United States filed its Renewed Motion to Substitute the United States as a Defendant on December 9, 2002, requesting this Court to dismiss Plaintiffs' claims. As of January 27, 2003, Plaintiffs have failed to respond thereto. Subsequently, UTMB also moved to dismiss Plaintiffs' claims against it on December 19, 2002, based upon sovereign immunity. Plaintiffs responded on January 15, 2003, after this Court's case manager, called and reminded Plaintiffs' counsel that his response was late.

## II. ANALYSIS

### The Defendant's Renewed Motion to Substitute the United States as a Defendant

At the outset, the Court notes that nearly a month has passed since Plaintiffs' Response was due and Plaintiffs have still failed to respond to the United States' Motion. As such, the Court will treat the United States' Motion as unopposed.[1] Gahn and the Assistant United States Attorney request that this Court substitute the United States as a Defendant in this action in the place of Gahn. Substitution of the United States in the place of Gahn occurs only if the U.S. properly certifies, both procedurally and substantively, that Gahn was a federal employee acting within the scope of his federal employment when this alleged injury arose. 28 U.S.C. § 2679(d)(2). The Court previously questioned whether the United States had properly certified that Gahn was within

---

1. Plaintiffs' Response was due December 29, 2002. *See* S.D. Tex. Local Rule 7.3 ("Opposed motions will be submitted to the judge twenty days from filing ...."). To date, Plaintiffs have not responded. In accordance with the Local Rules, the Court views Defendant's Motion as unopposed. *See* S.D. Tex. Local Rule 7.4 ("Failure to respond will be taken as a representation of no opposition.").

the scope of his federal employment at the time of injury. In response to this Court's concerns, the United States submitted its Renewed Motion. The Court commends the U.S. for its excellent Motion, which fully and succinctly addresses every concern that the Court had previously laid out in its October 1, 2002 Order. With those concerns in mind, the Court now turns to its substantive analysis.

When a United States employee is sued for allegedly committing a tort, the employee's employing agency creates and submits a report to the United States Attorney's Office for the purposes of determining whether or not that employee was acting within the scope of his federal employment when the accident occurred. 28 C.F.R. § 15.2. After receiving the Agency's report, 28 C.F.R. § 15.3 authorizes the Assistant Attorney General in charge of the Civil Division where the employee is sued to make a certification determining whether the employee was acting within the scope of his federal employment at the time the accident occurred. Upon the U.S.'s certification, removal to federal court is mandatory under 28 U.S.C. § 2679(d)(2). For purposes of removal, the U.S.'s certification that Gahn was acting within the scope of his federal employment is conclusive and cannot be contravened by judicial review. 28 U.S.C. § 2679(d)(2) ("This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."). However, after removal, the Court must take a free look at both whether the attempted certification was properly done procedurally, and at whether the certification was proper in the first place. See Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 426, 115 S.Ct. 2227, 2232, 132 L.Ed.2d 375 (1995); Garcia v. United States, 88 F.3d 318, 320 (5th Cir. 1996) (holding that whether an employee was or was not acting within the scope of his federal employment is subject to judicial review and the Attorney General's certification is not conclusive).

According to the November 22, 2002 Scope of Employment Certification, executed by Michael Shelby, United States Attorney for the Southern District of Texas, the following are the facts surrounding Gahn's employment: (1) Gahn was employed exclusively by Indian Health Services from April 15, 1998 to May 20, 2002; (2) Indian Health Services is a branch of the United States Department of Health and Human Services, and is responsible for providing federal health services to American Indians and Alaska Natives; (3) Gahn was paid solely by the Department of Health and Human Services; (4) Gahn provided obstetrical care at UTMB pursuant to the United States Indian Health Services ACGME accredited Obstetrics–Gynecology Residency Program; (5) the United States was obligated to indemnify Gahn for any incidents arising out of his residency at UTMB; and (6) Gahn was acting within the routine scope of his employment at the time Plaintiffs were injured. After reviewing the above representations and the United States' Renewed Motion, the Court concludes that Gahn was acting within the scope of his federal employment when Plaintiffs were injured. See Lamagno, 515 U.S. at 426, 115 S.Ct. at 2232. Accordingly, the United States' Motion to Substitute itself in the place of Gahn is GRANTED.

### The United States' Motion to Dismiss

The Federal Rules of Civil Procedure authorize a district court, upon suitable showing, to dismiss any action or any claim within an action for failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss, the Court

accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir.1993). Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of the claims that would justify relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994).

The U.S. seeks to dismiss the instant case because Plaintiffs cannot state a claim upon which relief may be granted. Fed. R.Civ.P. 12(b)(6). Now that the United States is the official Defendant, the Federal Tort Claims Act is the Plaintiffs' exclusive remedy. *See* 28 U.S.C. § 2679(b)(1). The FTCA requires a plaintiff to exhaust his administrative remedies before filing suit against the United States. *See* 28 U.S.C. § 2675(a). This exhaustion requirement applies even though the action was not originally brought against the United States. *See* 28 U.S.C. § 2679(d)(4). Additionally, under the FTCA, a plaintiff must present his claim in writing to the appropriate Federal agency within two years of his injury or be "forever barred." 28 U.S.C. § 2401(b).

█ It is undisputed that Plaintiffs did not present their claims to the appropriate Federal agency within two years of their injury. However, the Court presumes that the Plaintiffs were likely unaware of the federal presence in this lawsuit, and thus, unaware of the need to present their claim to a federal agency. Section 28 U.S.C. § 2679(d)(5) was enacted to deal expressly with the situation presented in this case-when the United States is substituted as the Defendant following removal. It states:

Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if-(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5). In the instant case, Plaintiffs were injured on March 15, 2000. Although Plaintiffs wrote a letter to Gahn on February 22, 2002, Plaintiffs did not file suit until May 5, 2002. Hence, the litigation was not timely commenced under the FTCA because it was not filed by March 15, 2002, two years after Plaintiffs' injury. *See* 28 U.S.C. § 2401(b). This result might appear unjust considering that Plaintiffs timely filed this action under Texas law. *See* Tex.Rev.Civ. Stat. Ann. art. 4590i, § 4.01 (Vernon 2001). However unjust, the Court cannot simply rewrite the plain language of the statute. *See* 28 U.S.C. § 2679(d)(5); *see also Bryant v. United States,* 96 F.Supp.2d 552, 554–55 (N.D.Miss.2000) (holding that the plaintiff was barred because he brought his action two years and eight months after the injury despite the fact that plaintiff was not aware of the federal presence in the lawsuit and that plaintiff had timely filed the lawsuit under Mississippi's three-year statute of limitations).

Instead of urging this Court to overlook the language of 28 U.S.C. § 2679(d)(5), a plaintiff aggrieved by inequitable circumstances such as those in *Bryant* can seek equitable tolling of the FTCA's statute of limitations. *See Perez v. United States,* 167 F.3d 913, 916–18 (5th Cir.1999) (holding that exhaustion of FTCA remedies is not a jurisdictional prerequisite to filing

suit since equitable tolling can allow a plaintiff to proceed even though he failed to present his claim to the appropriate agency before filing suit); *see also Clymore v. United States*, 217 F.3d 370, 374–75 (5th Cir.2000). Summarizing the doctrine of equitable tolling, the United States Supreme Court stated:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). Based upon this Court's observations, Plaintiffs's circumstances appear to fall into the latter category.[2] Thus, after thoughtful consideration and significant deliberation, the Court concludes that the United States' Motion to Dismiss must be **GRANTED**. Accordingly, Plaintiffs' claims against the United States are hereby **DISMISSED WITH PREJUDICE**.

### UTMB's Motion to Dismiss for Lack of Subject Matter Jurisdiction

 UTMB argues that this Court must dismiss Plaintiffs' claims because the Eleventh Amendment to the United States Constitution deprives a federal court of jurisdiction to preside over a lawsuit against a state or one of its agencies. The Court agrees. The word "state" encompasses state agencies and departments, such as UTMB. *See Richardson v. Southern Univ.*, 118 F.3d 450, 452 (5th Cir.1997). A state may waive its sovereign immunity and consent to suit against it in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984). However, the state's consent must be expressed unequivocally. *See id.* at 99, 104 S.Ct. at 907. Texas waives its sovereign immunity to claims brought in Texas state court under the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem.Code § 101.102. Texas's waiver is insufficient for this Court to maintain jurisdiction over UTMB because a state's "waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts." *See Pennhurst*, 465 U.S. at 100 n. 9, 104 S.Ct. at 908 n. 9. Thus, this Court does not have subject matter jurisdiction over Plaintiffs' claims against UTMB. Accordingly, the Court **REMANDS** Plaintiffs' remaining claims against UTMB to Texas state court where Plaintiffs can properly pursue damages against the state of Texas under the Texas Tort Claims Act.[3]

After reviewing the applicable facts, the relevant law, and the Parties' Motions, the Court concludes, for all of the aforementioned reasons, that it must **GRANT** the

---

**2.** The Court notes that Plaintiffs did not urge this Court to equitably toll the FTCA's statute of limitations (or even respond to the United States' Motion). Rather, the Court feels it is necessary to include a paragraph on equitable tolling for plaintiffs that find themselves in similar circumstances as Plaintiffs now find themselves. If such a situation arose, the Court would certainly consider equitably tolling the statute of limitations depending upon the due diligence of the particular plaintiff involved.

**3.** In remanding the remaining claims in this action, the Court notes that *Garcia* is not implicated in the instant situation. *See Garcia*, 88 F.3d at 325 ("Accordingly, we hold that, for subpart (d)(2), upon rejection of the Attorney General's certification, the district court retains jurisdiction and may not remand the action to state court."). The Fifth Circuit held that if a court rejected the Attorney Gen-

United States' Motion to Substitute the United States as a Defendant in the place of Gahn. Additionally, having concluded that the United States should properly be substituted, the Court **GRANTS** the United States' Motion to Dismiss and hereby **DISMISSES** all of Plaintiffs' claims against the United States **WITH PREJUDICE.** Last, after considerable consideration, the Court GRANTS UTMB's Plea to the Jurisdiction and hereby **REMANDS** all claims against UTMB to the 405th Judicial District Court in Galveston County, Texas. Each Party shall bear its own taxable costs and expenses incurred herein to date.

    **IT IS SO ORDERED.**

---

eral's certification that a federal employee was acting within the scope of his employment for purposes of substituting the United States in the place of such employee, the Court could not remand the lawsuit. This situation is distinguishable from *Garcia* because the Court is not attempting to remand the claims against Gahn. Hence, 28 U.S.C. § 2679 is not relevant to the remaining disposition of the lawsuit. *See Warren v. Joyner,* 996 F.Supp. 581, 585 (S.D.Miss.1997).