Kenneth **RIPLEY, individually Representative of the Estate of Frederick Ripley, Deceased; Frederick H. Ripley II, and Alma Y. Ripley, Plaintiffs,**

v.

**UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO and the United States of America, Defendants.**

No. SA–04–CA–0515–RF.

United States District Court, W.D. Texas, San Antonio Division.

May 17, 2005.

Jeffrey Clarke Anderson, Jessica Leigh Lambert, Law Offices of Jeffrey C. Anderson, San Antonio, TX, for Plaintiffs.

George F. Evans, Jr., Evans & Rowe, San Antonio, TX, for Defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

FURGESON, District Judge.

BEFORE THE COURT is Motion of Defendant University of Texas Health Science Center ("UTHSC") to Dismiss (Docket No. 30), filed on January 6, 2005. Also before the Court is Plaintiffs' response in opposition and various replies. The Court held a hearing on May 17, 2005, at which time it heard parties' arguments. After careful consideration, the Court finds that the Defendant enjoys Eleventh Amendment immunity from suit. For this reason, the Court will GRANT Defendant's Motions to Dismiss (Docket No. 30).

### FACTUAL & PROCEDURAL BACKGROUND

This case involves claims of medical negligence and related claims. Frederick Ripley was a patient at the Audie L. Murphy Veteran's Administration Hospital ("VA Hospital"), located in Bexar County, Texas. Ripley underwent surgery at the VA Hospital on April 29, 2002, after which he suffered from complications that resulted in his death on May 4, 2002. Plaintiffs' complaint alleges that Ripley was treated by Dr. Boulos Toursakissian and Dr. Roxana G. Baluna, both employees of UTHSC.

Plaintiffs allege that after Ripley underwent major bypass surgery at UTHSC on April 29, 2002, he developed various complicating medical conditions. Ripley suffered from dropping oxygen saturation levels and other symptoms indicating blood loss. He allegedly complained of these symptoms to Dr. Baluna on May 2 and 3. He continued to experience complicating symptoms and was pronounced dead early in the morning on May 4, 2002.

Plaintiffs bring statutory claims under the Texas Survival and Wrongful Death Statutes.[1] They also seek damages for pain and suffering and the medical expenses incurred in conjunction with Ripley's death. Defendant moves to dismiss under Rule 12(b)(1) and (6), asserting immunity to suit under the Eleventh Amendment.

### DISCUSSION

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

■ When motions to dismiss based on Fed.R.Civ.P. 12(b)(1) and 12(b)(6) are filed

---

1. TEX. CIV. PRAC. & REM.CODE, Ch. 71.

together, the court should consider the jurisdictional attack before addressing the attack on the merits.[2] A motion to dismiss for lack of subject matter jurisdiction should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."[3] To assess whether subject matter jurisdiction exists, this Court may look to the complaint and the undisputed facts in the record. When analyzing the complaint, the Court treats the allegations in the complaint as true.[4] A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff can prove no set of facts in support of his or her claim that would entitle plaintiff to relief.[5]

Defendant UTHSC moves to dismiss Plaintiffs' claims, asserting that the Court does not have jurisdiction to hear claims against the State of Texas or one of its agencies.[6] UTHSC asserts that, without a waiver of immunity, the Court does not have jurisdiction to entertain suits against a state and seeks to have Plaintiffs' claims dismissed for lack of subject matter jurisdiction.

The Eleventh Amendment provides that

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.[7]

Under the Eleventh Amendment, states or their agencies may not be sued unless they have consented to the particular type of suit at issue.[8] Congress too may abrogate Eleventh Amendment immunity, but this abrogation must be specific.[9] A state's consent to suit may also create conditions under which suit against it may be brought. For example, the Texas Tort Claims Act allows an individual to bring claims against the State of Texas, but provides that all such claims must be brought in state court.[10] However, Section 101.102 is properly considered a venue provision, as various courts have held.[11]

2. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001).

3. *Id.*

4. *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir.1995).

5. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

6. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

7. U.S. CONST. amend. 11.

8. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Papasan v. Allain*, 478 U.S. 265, 276, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *Pennhurst*, 465 U.S. at 100, 104 S.Ct. 900.

9. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985).

10. TEX. CIV. PRAC. & REM.CODE § 101.102(A)(Vernon 1997)("A suit under this chapter shall be brought in state court in which the cause of action or a part of the cause of action arises.")

11. *See Jackson v. Sheriff of Ellis County, Texas*, 154 F.Supp.2d 917, 920 (N.D.Tex. 2001)("the federal district courts in this circuit have consistently held that this 'venue' provision [the Texas Tort Claims Act § 101.102.] does not defeat federal jurisdiction over lawsuits brought under the Act."); *Mifsud v. Palisades Geophysical Institute, Inc.*, 484 F.Supp. 159, 161 (S.D.Tex.1980); *Lester v. County of Terry, Texas*, 353 F.Supp. 170, 171–72 (N.D.Tex.1973).

■ Defendant UTHSC asserts that, as part of the University of Texas System, it should be considered a state agency.[12] Plaintiffs do not dispute that UTHSC is a state agency of Texas. In any case, the word "state" includes state agencies and departments, such as branches of the state university.[13]

Plaintiffs assert primary jurisdiction under the Federal Tort Claims Act against the Defendant United States and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims against Defendant UTHSC. Given the language ᐧof Section 1367, Plaintiffs argue that the Court has original jurisdiction over their claims against the United States and is without discretion to decline all other claims that form part of the same "case or controversy."

Plaintiffs argue that federal district courts in the Fifth Circuit routinely hear claims under this statute when another, related claim implicates the court's original jurisdiction, citing *Jackson*, *Misfud*, and *Lester*. They argue that, based upon these decisions and the need to hear all claims against Defendants together in one suit, the Court should exercise jurisdiction over UTHSC. Further, they argue that a decision made by this Court in 1972 recognized that Texas had waived sovereign immunity in the Texas Tort Claims Act.[14]

The Court notes at the outset that the court in *Jackson* faced a different situation than the one before this Court. In *Jackson*, the plaintiff asserted claims against the defendant sheriff under both 42 U.S.C. § 1983 and the Texas Tort Claims Act.[15] Thus, the plaintiff had an additional basis of original jurisdiction over the defendant sheriff. For this reason, the district court denied the sheriff's motion to dismiss for lack of subject matter jurisdiction, finding that it was "doubtful under the supremacy clause of the United States Constitution, Art. 6. cl. 2, whether a state *could* constitutionally deprive a federal court of jurisdiction which the Congress of the United States had otherwise given it."[16] Here, the Court does not have a separate basis for asserting original jurisdiction over Defendant UTHSC, and brings only state medical malpractice claims against this Defendant.

In situations such as this, other district courts have reached results different from that reached in *Jackson*. These courts hold that the state's consent to suit must be unequivocal and must specifically waive Eleventh Amendment immunity to suit in federal court.[17] These courts recognize that when the state does not specifically waive immunity to suit in federal court, the district court is deprived of subject matter jurisdiction over the claim and must dismiss it.[18] Thus, these courts take the position that the state must waive immunity, not only to suit for particular types of claims, but also to suit in particular types of courts.

12. *See* Tex. Educ.Code § 65.02(a)(10).

13. *See Richardson v. Southern Univ.*, 118 F.3d 450, 452 (5th Cir.1997).

14. *See Flores v. Norton & Ramsey Lines, Inc.*, 352 F.Supp. 150, 154 (W.D.Tex.1972).

15. *See* 154 F.Supp.2d at 919.

16. *Id.* at 920 (quoting *Lester*, 353 F.Supp. at 171–72)(emphasis added).

17. *See, e.g., Jones v. Gahn*, 246 F.Supp.2d 622, 628 (S.D.Tex.2003)(citing *Pennhurst*).

18. *Id.* ("Texas's waiver is insufficient for this Court to maintain jurisdiction over [state university branch] because a state's 'waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts.' ")(quoting *Pennhurst*, 465 U.S. at 100 n. 9, 104 S.Ct. 900).

Given the divergent treatment this issue has received in fellow district courts, this Court must look carefully at controlling case law to determine the appropriate outcome. The Supreme Court has long held that when a federal court obtains jurisdiction over a federal claim, it may adjudicate other related claims over which the court otherwise would not have had jurisdiction.[19] Further, the Supreme Court recognizes that federal courts may resolve cases solely on the basis of pendent state law claims, for example when the primary federal claim has been dismissed and only pendent claims remain.[20] The question before this Court, like the one before the Supreme Court in *Pennhurst State School & Hospital v. Halderman,* is whether the doctrine of pendent jurisdiction displaces the explicit limitation on federal jurisdiction contained in the Eleventh Amendment.[21]

In *Pennhurst,* the Supreme Court acknowledged that previous cases had allowed suits against state officials on the basis of state law claims that were pendent to federal constitutional claims.[22] However, the Supreme Court noted that these cases did not specifically address the question of Eleventh Amendment immunity from suit.[23] Considering the same argument raised by Plaintiffs here—that the Court should exert jurisdiction over a state entity for pendent claims because it would further judicial economy—the Supreme Court in *Pennhurst* held that, "In sum, contrary to the view implicit [in other cases], neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment."[24] The Supreme Court held that federal courts must examine each claim in a case to determine whether an assertion of jurisdiction over that claim is barred by the Eleventh Amendment.

Later, in *Raygor v. Regents of the University of Minnesota,*[25] the Supreme Court again addressed this issue after Congress had passed 28 U.S.C. § 1367, codifying the doctrines of pendent or ancillary jurisdiction as "supplemental jurisdiction." The Supreme Court in *Raygor* held that " § 1367(a)'s grant of jurisdiction does not extend to claims against non-consenting state defendants."[26] The Eleventh Amendment applies to bar suits against state defendants unless the state has spe-

---

**19.** *Pennhurst,* 465 U.S. at 117, 104 S.Ct. 900 (citing, *e.g., Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

**20.** *Id.; Siler v. Louisville & N.R. Co.,* 213 U.S. 175, 192–93, 29 S.Ct. 451, 53 L.Ed. 753 (1909).

**21.** *See Pennhurst,* 465 U.S. at 117–18, 104 S.Ct. 900.

**22.** *Id.* at 118, 104 S.Ct. 900.

**23.** *Id.* at 119–20, 104 S.Ct. 900 ("As noted, the implicit view of these cases seems to have been that once jurisdiction is established on the basis of a federal question, no further Eleventh Amendment inquiry is necessary with respect to other claims raised in the case. This is an erroneous view and contrary to the principles established in our Eleventh Amendment decisions. The Eleventh Amendment is an explicit limitation on the judicial power of the United States. It deprives a federal court of power to decide certain claims against States that otherwise would be within the scope of Art. III's grant of jurisdiction.") (citations omitted).

**24.** *Id.* at 121, 104 S.Ct. 900 (citing *Missouri v. Fiske,* 290 U.S. 18, 27, 54 S.Ct. 18, 78 L.Ed. 145 (1933)("This is not less a suit against the State because the bill is ancillary and supplemental.")).

**25.** 534 U.S. 533, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002).

**26.** *Id.* at 541–42, 122 S.Ct. 999.

cifically waived its immunity to suit.[27]

■ As the Fifth Circuit has held in the context of the Texas Tort Claims Act, Texas does not waive Eleventh Amendment immunity in federal courts merely by waiving sovereign immunity in her own courts.[28] Addressing a similar argument, the Fifth Circuit determined that "a state's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." [29] The Fifth Circuit announced that it would "find waiver only where state 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.' " [30] Applying this standard, the Fifth Circuit found that the Texas Tort Claims Act "waives sovereign immunity in state court only. This is the only reasonable construction of the statute. The Act clearly does not waive Eleventh Amendment immunity to suit in federal courts." [31]

■ Thus, despite the numerous decisions from this Court's brethren asserting jurisdiction over Texas Tort Claims Act claims pendent to claims properly before them, this Court finds that the Texas statute does not waive state immunity to suit in federal court. This determination is consistent with the Fifth Circuit's decision in *Sherwinski*,[32] as well as the Supreme Court decisions in *Raygor* [33] and *Pennhurst*.[34] For this reason, the Court finds that the Eleventh Amendment bars the Court from hearing Plaintiffs' claims against Defendant UTHSC here. For this reason, the Court will dismiss these claims.

The Court reaches this conclusion despite the arguments of Plaintiffs that dismissing UTHSC from the suit would undermine judicial economy, create duplication and waste, and be unfair to all litigants. The Court is ever aware of the need to conserve judicial resources and to try all matters with this principle in mind. However, the Supreme Court addressed these arguments in this context in *Pennhurst*. There, the Supreme Court confronted the argument that considerations of judicial economy, convenience, and fairness to litigants "counsel against a result that may cause litigants to split causes of action between state and federal courts." [35] The Court held that "such considerations of policy cannot override the constitutional limitation on the authority of the federal judiciary to adjudicate suits against a State." [36] This Court follows *Pennhurst*, *Raygor*, and *Sherwinski* and concludes that, whatever the value of hearing all related matters together, this Court is barred by the Eleventh Amendment from hearing

**27.** *E.g., Sherwinski v. Peterson,* 98 F.3d 849, 851 (5th Cir.1996).

**28.** *Id.* at 851–52 (citing *Welch v. Dep't of Highways & Pub. Trans.,* 483 U.S. 468, 473–74, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987)).

**29.** *Id.* at 852 (quoting *Welch,* 483 U.S. at 473, 107 S.Ct. 2941 and *Pennhurst,* 465 U.S. at 99, 104 S.Ct. 900)(emphasis in original).

**30.** *Id.* (citing *Edelman v. Jordan,* 415 U.S. at 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974))(quoting *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171, 29 S.Ct. 458, 53 L.Ed. 742 (1909)).

**31.** *Id.*

**32.** 98 F.3d at 852.

**33.** 534 U.S. at 541–42, 122 S.Ct. 999.

**34.** 465 U.S. at 121, 104 S.Ct. 900.

**35.** *See* 465 U.S. at 121, 104 S.Ct. 900.

**36.** *Id.* at 123, 104 S.Ct. 900. *See also Fiske,* 290 U.S. at 25–26, 54 S.Ct. 18 ("Considerations of convenience open no avenue of escape from the [Eleventh Amendment's] restriction").

Plaintiffs' claims against Defendant UTHSC.

## CONCLUSION

Accordingly, it is ORDERED that Defendant's Motion to Dismiss (Docket No. 30) be GRANTED.